(No. 70840.—

ROBERT COOK, Appellee, v. GENERAL ELECTRIC
COMPANY *et al.* (General Electric Company, Appellant).

*Opinion filed January 23, 1992.—Rehearing
denied March 30, 1992.*

HEIPLE, J., took no part.

Hinshaw & Culbertson, of Chicago (Robert W. Schmieder and Stephen R. Swofford, of counsel), for appellant.

Rosemary D. McGuire, of Brennan, Cates & Constance, of Belleville, for appellee.

CHIEF JUSTICE MILLER delivered the opinion of the court:

On November 15, 1988, plaintiff, Robert Cook, filed a two-count complaint in the circuit court of St. Clair County against Union Pacific Railroad Company (Union Pacific) and General Electric Company (GE) seeking dam-

ages for injuries he sustained when the train he was operating collided with a combine. Cook alleges that Union Pacific, his employer, and GE, the manufacturer of the locomotive, failed to provide adequate safety equipment on the train to protect the engineer.

GE filed a third-party complaint for contribution against Montgomery County and Walshville Township and moved to transfer the entire action from St. Clair County to Montgomery County under the doctrine of *forum non conveniens*, arguing that the governmental defendants could only be sued in Montgomery County. The sole issue presented here is whether the circuit court abused its discretion when it denied GE's motion and severed the contribution action, sending only that action to Montgomery County. The appellate court denied review. We granted GE leave to appeal pursuant to Supreme Court Rule 315 (134 Ill. 2d R. 315) and now reverse the circuit court.

Cook, a resident of St. Clair County, was employed by Union Pacific at its Walshville Township location in Montgomery County. The accident occurred at the intersection of the railroad tracks and County Road 150N in Montgomery County. Following the filing of plaintiff's complaint against Union Pacific and GE, Union Pacific, a Utah corporation, filed a complaint for contribution against the estate of the combine driver, who died in the accident, and the combine driver's employer. GE, a New York corporation, filed a third-party action for contribution against Montgomery County and Walshville Township.

GE's motion for transfer was filed in several different versions. GE filed its first *forum non conveniens* motion on April 5, 1989, before it filed its third-party complaint against Montgomery County and Walshville Township. The motion alleged that all relevant connections with the suit were in Montgomery County, and that the suit could be tried there more conveniently. On April 19, GE asked for leave to file a complaint for contribution against Montgom-

ery County and Walshville Township and amended its *forum non conveniens* motion to reflect the addition of the third-party defendants. On April 24, leave was granted and GE filed its third-party complaint. After the first amended motion was denied on May 18, GE argued in a second amended motion that because of the venue provision of section 2—103 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—103), the governmental defendants could only be sued in Montgomery County. On June 13, the circuit court denied GE's second amended motion, observing that neither of the governmental defendants had made an appearance to assert its venue rights. That same day, Montgomery County asserted its rights by filing a motion to dismiss or transfer the action to the circuit court of Montgomery County. GE moved for reconsideration of its second amended *forum non conveniens* motion, but instead, the circuit court, "exercising its discretion under *Laue v. Leifheit* (1984), 105 Ill. 2d 191," severed GE's third-party action against Montgomery County and Walshville Township and transferred that action to Montgomery County, leaving the original tort action in the circuit court of St. Clair County. The appellate court denied review. We granted GE's petition for leave to appeal.

GE argues here that *Laue v. Leifheit* (1984), 105 Ill. 2d 191, requires that contribution actions be tried in a single suit with the original tort action and that because section 2—103 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—103) requires actions against governmental entities to be brought in the counties in which the entities are located, the entire action must be transferred to Montgomery County. Further, GE argues that under the traditional factors considered under the doctrine of *forum non conveniens*, the trial of the case would be more convenient in Montgomery County.

Cook replies that his choice of venue in St. Clair County is proper and convenient since he lives there, his doctors are there, and it is near the airport at St. Louis, making St. Clair County easier for out-of-State witnesses to reach. Cook also argues that there is no absolute requirement that contribution actions be tried together with the original action and that governmental defendants need not always have the benefits of the venue provisions of section 2—103.

We first address GE's argument that the considerations of *Laue v. Leifheit* and section 2—103, taken without more, compel transfer of this case from St. Clair to Montgomery County.

We note first that because Montgomery County and Walshville Township are parties to the contribution action, the contribution action must be tried in Montgomery County. Section 2—103 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—103) states that "[a]ctions must be brought against a *** governmental *** corporation in the county in which its principal office is located or in the county in which the transaction or some part thereof occurred out of which the cause of action arose." The governmental defendants here have their principal offices in Montgomery County and the accident took place in Montgomery County. Therefore, under the statute, the contribution action must be tried in Montgomery County.

Plaintiff observes that an exception to section 2—103 has been made in a situation where several governmental entities based in different counties are joined in a single suit. (See *Lawless v. Village of Park Forest South* (1982), 108 Ill. App. 3d 191.) Based on *Lawless*, plaintiff urges us to make a second exception here, allowing the actions to be tried together in St. Clair County. *Lawless*, however, involved a single suit against governmental defendants from two separate counties. Here, both governmental defendants are in the same county and thus both are sub-

ject to suit in Montgomery County. Because both governmental defendants have their principal offices in one county, we decline plaintiff's invitation to make an additional exception allowing third-party governmental defendants to be sued in counties other than those specifically allowed by section 2—103. If a further exception is to be made under the circumstances presented here, we believe the exception should be made by the General Assembly.

Having decided that the contribution action must be tried in Montgomery County, we now examine whether the circuit court properly severed the claims, or whether they should be tried together in Montgomery County.

We first note that *Lawless* has further implications for plaintiff's argument in favor of the trial court's severance of the contribution actions. The court in *Lawless* was presented with the choice of making an exception to section 2—103 allowing the claims against the governmental defendants to be tried together in one suit, or having separate trials in two counties. In making its decision the court found that considerations of judicial economy were important enough to compel an exception to the governmental venue statute and held that all the claims should be tried together in one county. (*Lawless v. Village of Park Forest South* (1982), 108 Ill. App. 3d 191, 195 ("Creation of this multiplicity of actions would add confusion to the litigation process and exacerbate the problem of overcrowded court dockets").) In the present case we are presented with no such dilemma. Montgomery County and Walshville Township are both in the same county; therefore a joint trial may be had in Montgomery County, which is a proper venue for both actions, with no need for an exception to the venue statute.

As an additional argument against severance, defendant contends that under *Laue v. Leifheit* (1984), 105 Ill. 2d 191, the contribution actions cannot be severed and that the entire cause must be tried in the same action. In

*Leifheit*, we held that "when there is a pending action, [any] contribution claim should be asserted *** *in that action*." (Emphasis in original.) (105 Ill. 2d at 196.) In part, our decision in *Leifheit* was motivated by concerns for judicial economy and our policy of trying related suits together.

> "One jury should decide both the liability to the plaintiff and the percentages of liability among the defendants, so as to avoid a multiplicity of lawsuits in an already crowded court system and the possibility of inconsistent verdicts. Requiring the parties to litigate the matter in one suit will also save court time and attorney fees." (*Leifheit*, 105 Ill. 2d at 196-97.)

(See also *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 291 ("all claims can be tried at once instead of in a piecemeal manner, which would serve both private and public interests").) We fail to see how *Leifheit* can be interpreted to give the trial court discretion to sever GE's contribution claim.

As an alternative basis for the trial court's severance of the claims, plaintiff suggests that the severance can be justified under section 2—614(b) of the Code of Civil Procedure. Section 2—614(b) allows the trial court to sever third-party claims which "cannot be conveniently disposed of with the other issues in the case." (Ill. Rev. Stat. 1989, ch. 110, par. 2—614(b).) The purpose of section 2—614(b) is to allow claims to be severed when disparate issues would make a joint trial overly complicated. (See *Mount v. Dusing* (1953), 414 Ill. 361, 367 ("A motion to sever *** [requires] an appraisal of administrative convenience and the possibility of prejudice to substantial rights of the litigants in the light of the particular problems which will arise in the course of the trial").) Because there is no reason why a joint trial on all the claims cannot be held in Montgomery County without administrative inconvenience or prejudice

to the substantial rights of the litigants, we do not believe that severance is justified under section 2—614(b).

While the considerations of judicial economy expressed in *Leifheit* are compelling, we do not hold here that *Leifheit* and the venue considerations of section 2—103, without more, require transfer of this entire action to Montgomery County. Nor do we hold that contribution actions must invariably be tried together with the original tort action. Such a holding would allow defendants to change venue whenever they chose merely by filing a complaint for contribution against a governmental entity. While a strong policy preference for a joint trial is implicit in *Leifheit*, and we now reiterate that policy, *Leifheit* requires only that claims for contribution be asserted in the pending action, not that there must inevitably be a joint trial in every case.

Since we reject GE's argument that *Leifheit* and section 2—103 alone compel transfer, we will examine the other factors traditionally considered in *forum non conveniens* analysis to see whether, considering all of the factors together, transfer is warranted.

In *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514, this court stated:

> "*Forum non conveniens* is a doctrine that is founded in considerations of fundamental fairness and sensible and effective judicial administration. In the application of these basic considerations a court may decline jurisdiction of a case 'even though it may have proper jurisdiction over all parties and the subject matter involved' [citation], whenever it appears that there is another forum that can better 'serve the convenience of the parties and the ends of justice.' "

Whether transfer is warranted is primarily in the discretion of the circuit court. The circuit court's decision will be reversed only if there is an abuse of discretion. (*Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d

101, 106.) *Forum non conveniens* applies on an intrastate as well as an interstate basis. *Torres v. Walsh* (1983), 98 Ill. 2d 338, 350.

In analyzing a *forum non conveniens* question, a court must balance various private and public interest factors. (*Griffith*, 136 Ill. 2d at 105.) The private interest factors include the " 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' " (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 224, quoting *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843.) Public factors include the congestion of court dockets, the local interest in deciding localized controversies, and "the unfairness of burdening citizens in an unrelated forum with jury duty." *Bland*, 116 Ill. 2d at 224, citing *Gulf Oil*, 330 U.S. at 509, 91 L. Ed. at 1063, 67 S. Ct. at 843; see also *Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395, 399.

"A plaintiff's right to select the forum is a substantial one, and unless the factors weigh strongly in favor of transfer, 'the plaintiff's choice of forum should rarely be disturbed.' " (*Griffith*, 136 Ill. 2d at 106, quoting *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 372-73.) Moreover, when, as is the case here, "the home forum has been chosen, it is reasonable to assume that this choice is convenient." (*Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 255-56, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266.) It should be noted, however, that while St. Clair County is plaintiff's county of residence, he was employed in Montgomery County where the accident took place. Therefore, plaintiff's choice of forum is entitled to less deference than it normally is accorded when a plaintiff chooses his home

forum. See *Stein v. Volkswagen of America, Inc.* (1985), 135 Ill. App. 3d 127, 131-32 (plaintiff's extensive ties to alternative forum reduce significance of residence in forum).

Plaintiff argues that since his treating physicians are in the St. Clair County area, St. Clair County is the more convenient forum. While this is a factor, this court has previously warned against weighing too heavily the location of the plaintiff's physicians.

> "One should be cautious *** not to give undue weight to the fact that plaintiff's treating physician or expert has an office in the plaintiff's chosen forum. To do so would allow a plaintiff to easily frustrate the *forum non conveniens* principle by selecting as a witness a treating physician or expert in what would, in reality, be an inconvenient forum." *Bland*, 116 Ill. 2d at 227.

See also *Griffith*, 136 Ill. 2d at 112; *McClain*, 121 Ill. 2d at 291.

Plaintiff also argues that St. Clair County is the more convenient forum because it is near the St. Louis airport, which would provide easy access for out-of-State witnesses. While St. Clair County may be more convenient for out-of-State witnesses, it seems just as likely that Montgomery County, where the accident occurred, would would be more convenient for the occurrence witnesses. Moreover, as plaintiff admits in his brief, "[t]here has simply been no showing of what witnesses will be necessary at this early stage." Thus, we can give little weight to this factor.

There are several factors favoring Montgomery County as the more convenient forum. Not only was the plaintiff employed there, but the accident took place there. This gives Montgomery County a significant interest in the dispute. (See *Piper Aircraft*, 454 U.S. at 260, 70 L. Ed. 2d at 438, 102 S. Ct. at 268; *McClain*, 121 Ill. 2d at 291.) Thus, it would not be unfair to burden the citizens of

Montgomery County with jury duty in this case. Further-more, should the trial judge decide that it would be helpful for the jury to view the site of the accident, viewing the scene will be possible if the trial is in Montgomery County. See *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 80 ("the possibility of having a jury view the scene of an accident is an important consideration in ruling upon a *forum non conveniens* motion").

An additional factor is that the courts of Montgomery County are much less crowded than those in St. Clair County. According to the 1989 Annual Report from the Administrative Office of the Illinois Courts, at the end of 1989 there were 1,053 cases pending in Montgomery County; the caseload had decreased by 115 cases during that year. In St. Clair County there were 24,328 cases pending at the end of 1989, an increase of 1,478. More-over, the Twentieth Judicial Circuit, of which St. Clair county is a part, had more than twice as many cases pend-ing per judge as the Fourth Judicial Circuit, which in-cludes Montgomery County.

We believe that the considerations of judicial economy implicit in *Leifheit*, and the fact that the governmental defendants are subject to suit only in Montgomery County, are factors to be considered in the analysis of this *forum non conveniens* motion. Furthermore, these factors, to-gether with the factors traditionally considered under the doctrine of *forum non conveniens*, lead us to the conclu-sion that trial of this suit should properly be in Montgom-ery County.

The accident upon which this suit is based took place in Montgomery County where plaintiff was employed. Mont-gomery County has a significant interest in this contro-versy and trial in Montgomery County would allow the jury to view the scene. Furthermore, trying these actions together in Montgomery County would conserve judicial resources and resolve the dispute more quickly and eco-

nomically. Undoubtedly these are factors which "make trial of a case easy, expeditious and inexpensive" (*Gulf Oil*, 330 U.S. at 508, 91 L. Ed. at 1062, 67 S. Ct. at 843), and should be weighed heavily by a doctrine based on "sensible and effective judicial administration." *Adkins*, 54 Ill. 2d at 514.

Finally, plaintiff raises a due process argument based on *Williams v. Illinois State Scholarship Comm'n* (1990), 139 Ill. 2d 24. That case involved a venue statute allowing the Scholarship Commission to file all its student loan collection claims in the circuit court of Cook County, regardless of the defendant's residence. Unlike in *Williams*, we see no incipient violation of plaintiff's right to access to the courts should plaintiff be forced to pursue his claim in Montgomery County, where he was employed and where the accident occurred.

Because judicial economy and all other relevant factors, except the plaintiff's residence and the location of his physicians, favor Montgomery County as the venue for this action, we believe that the circuit court abused its discretion when it severed GE's contribution actions and denied GE's motion to transfer the original action to Montgomery County. We therefore reverse the judgment of the circuit court.

For the foregoing reasons, the judgment of the circuit court is reversed, and the cause is remanded to the circuit court of St. Clair County for further proceedings.

*Reversed and remanded.*

JUSTICE HEIPLE took no part in the consideration or decision of this case.