MICHAEL ROBERTS, Plaintiff-Appellee, v. ILLINOIS POWER COMPANY, Defendant-Appellant.

Fifth District   No. 5—99—0214

Opinion filed January 11, 2000.

William J. Knapp and Robert J. Evola, both of Burroughs, Hepler, Broom, MacDonald & Hebrank, of Edwardsville, for appellant.

William W. Schooley, of Law Offices of William W. Schooley, of Granite City, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Defendant, Illinois Power Company, appeals an order by the circuit

court of Madison County denying defendant's motion to transfer venue from Madison County to Randolph County on the grounds of *forum non conveniens*. For the following reasons, we affirm the decision of the circuit court.

Plaintiff, Michael Roberts, is a resident of Madison County and filed his complaint against defendant in his home forum, Madison County. According to his complaint, he sustained injuries on or about November 25, 1997, while at an electrical plant owned by defendant in Baldwin, Illinois. Baldwin, Illinois, is located in Randolph County. Plaintiff was employed by Power Maintenance and Constructors Company to perform work at the plant pursuant to a contract between Power Maintenance and Constructors Company and defendant. Plaintiff alleges that defendant failed to provide him with a reasonably safe place to work and failed to exercise ordinary care and caution for his safety.

On October 20, 1998, defendant filed a motion to transfer this cause from Madison County to Randolph County. Defendant argued that Randolph County was the most convenient forum. The circuit court disagreed and denied defendant's motion to transfer. On February 5, 1999, defendant filed a motion to supplement in support of its motion to transfer, a list of six potential fact witnesses, two of whom reside in Randolph County and four of whom reside in St. Clair County. Defendant also filed a motion to reconsider the circuit court's ruling denying defendant's motion to transfer. The circuit court reconsidered defendant's motion to transfer in light of these additional potential witnesses and denied defendant's motion. This appeal follows.

■ The doctrine of *forum non conveniens* is " 'founded in considerations of fundamental fairness and sensible and effective judicial administration.' " *Cook v. General Electric Co.*, 146 Ill. 2d 548, 556 (1992), quoting *Adkins v. Chicago, Rock Island & Pacific R.R. Co.*, 54 Ill. 2d 511, 514 (1973). The doctrine presupposes that more than one forum is proper. See *Niepotter v. Central Illinois Public Service Co.*, 303 Ill. App. 3d 632, 635 (1999). Under the doctrine, a court may decline to exercise jurisdiction whenever it appears that, under the facts of the case, there is another forum in which trial can be more conveniently had. See *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 223 (1987).

■ In deciding a *forum non conveniens* motion, a court must balance various private- and public-interest factors. The private-interest factors to be considered have been identified as: (1) the relative ease of access to sources of proof, (2) the accessibility of witnesses, (3) the possibility of a jury view of the premises, and (4) all other practical

problems that make a trial of a case easy, expeditious, and inexpensive. See *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 337 (1994). The public-interest factors to be considered have been identified as: (1) having localized controversies decided in the local forum, (2) the administrative concerns, including the congestion of court dockets, and (3) the imposition of jury duty upon residents of a county with little or no connection to the litigation. See *Peile*, 163 Ill. 2d at 337. The doctrine of *forum non conveniens* is a flexible one that requires evaluation of the total circumstances rather than a concentration on any single factor. See *Peile*, 163 Ill. 2d at 336-37.

■ When presenting a *forum non conveniens* motion, the defendant shoulders the burden of showing that the relevant factors *strongly* favor transfer of the case to another forum. See *Turner v. Jarden*, 275 Ill. App. 3d 890, 896 (1995). The doctrine defers to the plaintiff's choice of forum unless a defendant can establish that convenience factors weigh strongly in favor of a transfer. See *Beldner v. Tennessee Steel Haulers, Inc.*, 302 Ill. App. 3d 800, 802 (1999). The defendant must show that the plaintiff's chosen forum is inconvenient to the defendant and that another forum is more convenient to all parties. See *Whirlpool Corp. v. Certain Underwriters at Lloyd's London*, 295 Ill. App. 3d 828, 837 (1998). If the defendant fails to show that the relevant factors *strongly* favor transfer, the motion should be denied.

Furthermore, a plaintiff's right to select the forum in which to commence a cause of action is a substantial one, and unless the factors weigh strongly in favor of transfer, the plaintiff's choice of forum should rarely be disturbed. See *Peile*, 163 Ill. 2d at 337; see *Jones v. Searle Laboratories*, 93 Ill. 2d 366, 372-73 (1982). When the plaintiff chooses the home forum, it is reasonable to assume that that choice is convenient. See *Wieser v. Missouri Pacific R.R. Co.*, 98 Ill. 2d 359, 367 (1983). However, as our supreme court noted in *Cook* and defendant points out on appeal, plaintiff is entitled to less deference for filing in his home forum than he would normally be entitled because the accident and plaintiff's employment occurred in the county to which defendant seeks transfer. See *Cook*, 146 Ill. 2d at 557-58. As this court has noted, however, *less* deference is not synonymous with *no* deference. See *Wojtonik v. Illinois Central R.R.*, 266 Ill. App. 3d 482, 483 (1994).

■ Finally, our review of the circuit court's decision to deny a motion to transfer is made under an abuse of discretion standard. See *Peile*, 163 Ill. 2d at 336. An abuse of discretion occurs when the circuit court acts arbitrarily, when it fails to employ conscientious judgment, or when it ignores recognized principles of law. See *Elling v. State Farm Mutual Automobile Insurance Co.*, 291 Ill. App. 3d 311, 317 (1997).

Before we examine the circuit court's decision denying defendant's motion to transfer, we address an apparent error by the circuit court in mistakenly considering an answer to an interrogatory, which was not filed pursuant to this cause of action, in making its decision denying defendant's motion to transfer. In the circuit court's order denying defendant's motion to transfer, and in its order denying defendant's motion to reconsider, the circuit court refers to a witness named Joe Batson, who lives in Madison County. Defendant contends that the circuit court improperly considered this witness because this witness is not a potential witness to this cause of action. Defendant points out that Batson's name was derived from an interrogatory which, although contained in the record before the circuit court and contained in the record on appeal, was not filed pursuant to the cause of action at bar. Apparently, plaintiff has filed two separate causes of actions against defendant for separate injuries, one docketed as No. 98—L—650 and the other as No. 98—L—651. This case on appeal concerns defendant's motion to transfer No. 98—L—651, but the interrogatory containing Batson's name was filed pursuant to No. 98—L—650. A nearly identical interrogatory filed pursuant to the cause of action at bar does not list Batson as an occurrence witness. Accordingly, defendant argues that the circuit court erred in considering this witness.

■ We begin by pointing out that the circuit court's order denying defendant's motion to transfer clearly makes note of Batson. The order stated, "Other witnesses identified by the interrogatories are Joe Batson, who lives in Glen Carbon, Madison County, Illinois ***." However, although this witness clearly appears on the face of the circuit court's order denying defendant's motion to transfer, defendant never took any action to bring this alleged error to the attention of the circuit court. When defendant filed its motion to reconsider, it contained no argument alleging error by the circuit court for considering Batson. Defendant failed to raise this issue before the circuit court. Any argument not raised in the circuit court is waived on appeal. See *Riney v. Weiss & Neuman Shoe Co.*, 217 Ill. App. 3d 435, 441 (1991). In any event, our analysis of the correctness of the circuit court's decision will be conducted without considering Batson as a potential occurrence witness. We now turn to the circuit court's decision.

The circuit court in its order denying defendant's motion to transfer and defendant's motion to reconsider demonstrates that the court employed the private- and public-interest factors as laid out by our supreme court. Turning first to the private-interest factors, the court considered the location of the counties, the location of the proposed witnesses and any inconveniences the witnesses may face traveling to either county, and the location of the accident site.

Concerning the location of the counties, Madison County and Randolph County are not a great distance apart. The circuit court noted that Randolph County and Madison County are only separated by St. Clair County. On the northern border of St. Clair County is Madison County, and on the southern border of St. Clair County is Randolph County.

Turning to the potential witnesses, the circuit court noted that plaintiff lives in Madison County and that one eyewitness for plaintiff lives in St. Clair County. The court also acknowledged the list of defendant's potential witnesses, four of whom reside in St. Clair County and two of whom reside in Randolph County. The circuit court determined that it may be more convenient for the witnesses in St. Clair County to travel to Edwardsville, the county seat of Madison County, via Interstate 255, than to travel to Chester, the county seat of Randolph County, accessible only by secondary roads. The circuit court concluded that although it may be inconvenient for the two witnesses in Randolph County to travel to Madison County, it would not be a hardship.

Other witnesses include the medical witnesses. The circuit court pointed out that plaintiff's treating physician resides in St. Louis County, which is closer to Edwardsville than to Chester. The circuit court did not make mention of the "unspecified" number of physicians who allegedly reside in Randolph County, but the court pointed out that physicians seldom testify in person.

Finally, concerning the location of the accident and a possible view of the premises, the circuit court acknowledged that the accident site is in Randolph County, but the court noted that in the court's years of experience, a view of the premises has rarely been necessary.

Turning to the public-interest factors, the circuit court's order demonstrates that it considered the factor of having localized controversies decided in a local forum, that it considered administrative concerns, and that it considered the imposition of jury duty upon the residents of either county.

First, the circuit court noted that plaintiff is a resident of Madison County and that the accident occurred in Randolph County, where the plaintiff was employed. The circuit court found that, based upon these facts, both counties have a connection to the litigation. The circuit court stated that it was unable to find that Randolph County has a greater interest in this case than the citizens of Madison County. The circuit court therefore found neither county preferable to the other.

As to administrative concerns, the circuit court noted that while there is a much heavier case load in Madison County, the Madison County's court organization and the number of judges assigned to the

civil division results in "an efficiency of scale which allows any given case to be disposed of with less administrative burden" than if the case was filed in Randolph County. The circuit court observed that, based on data released by the Administrative Office of the Illinois Courts for the year 1997, the average time lapse between the filing of civil cases and a jury verdict was 27.2 months in Madison County, compared to 39.1 months in Randolph County.

Finally, the circuit court noted that juries are routinely summoned three weeks per month from September through June in Madison County, whereas in Randolph County, they are only occasionally brought in when needed.

After considering these private- and public-interest factors, the circuit court concluded that although the balance "could be said to weigh in defendant's favor," it did not strongly favor transfer. Accordingly, the circuit court found that defendant had failed to satisfy its burden of proof. We now turn to defendant's arguments on appeal.

First, as to the private-interest factors, defendant argues that these factors weigh in favor of a transfer. Defendant contends that the only connection of this case to Madison County is plaintiff's residence. Defendant argues that plaintiff has named but one occurrence witness and that that occurrence witness lives in St. Clair County. Defendant points out that none of the medical providers live in Madison County but that one resides in St. Louis, Missouri, and that an "unspecified" number reside in Randolph County. Defendant also directs this court's attention to its list of six potential fact witnesses that defendant submitted at the time it filed its motion to reconsider. Finally, defendant argues that because the site of the accident is in Randolph County, should a jury view of the premises be necessary, convenience would be achieved if the trial were held in Randolph County. Based on these facts, defendant argues that the private-interest factors strongly favor transfer.

■ We begin our rejection of defendant's argument by noting that most of the proposed witnesses reside in St. Clair County. This is significant as defendant has the burden of showing that plaintiff's chosen forum is inconvenient to the defendant and that another forum *is more convenient to all parties*. See *Whirlpool Corp.*, 295 Ill. App. 3d at 837. We have no reason to dispute the circuit court's determination that it may be more convenient for the witnesses in St. Clair County to travel north along Interstate 255 to Madison County than to take secondary roads south to Randolph County. Defendant has failed to demonstrate that traveling to Randolph County would be more convenient than traveling to Madison County. Our supreme court has noted that a relatively short distance between two courthouses makes it

unlikely that a trial in plaintiff's chosen forum would be less convenient. See *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 113 (1990). In addition, as the circuit court noted, defendant's failure to demonstrate the significance of the testimony of its six potential witnesses cannot go ignored.

Next, concerning defendant's argument as to the location of the medical witnesses, defendant does not dispute the circuit court's finding that plaintiff's treating physician, who resides in St. Louis County, is closer to Edwardsville than to Chester. As to the "unspecified number of treaters" in Randolph County, as argued by defendant, we note that the use of an evidence deposition might obviate the need for the doctors to testify at trial. See *Walsh v. Ramada Inns, Inc.*, 194 Ill. App. 3d 945, 949 (1989). Defendant fails to show how the location of these witnesses *strongly* favors transfer.

Finally, as to defendant's argument concerning a potential jury view of the premises, as the circuit court aptly pointed out, there is nothing in the record which suggests that a view of the premises would be necessary. We again restate that the burden of proof is on defendant to show there is another forum more convenient to all parties. In any event, the supreme court has pointed out that a view of the accident site is not an absolute right, and the trial court may permit a view of the premises only to aid the jury to better understand and apply the evidence. See *Boner v. Peabody Coal Co.*, 142 Ill. 2d 523, 535 (1991). As the record is devoid of a demonstration by defendant that a view of the site would even be necessary or could even assist the jury, defendant has failed to demonstrate the importance of this factor. Accordingly, defendant has failed to show that the private-interest factors strongly favor transfer.

We now turn to defendant's arguments concerning the public-interest factors. First, defendant acknowledges that plaintiff is a resident of Madison County and that defendant provides service to the people of Madison County. However, defendant argues that Randolph County has a greater interest because that is where the accident occurred and that, because the accident occurred there, "it concerns the safety of workers employed in Randolph County." Second, defendant argues that Madison County is burdened with a "much heavier" caseload than Randolph County and, therefore, in the interest of judicial economy, this factor weighs in favor of transfer to Randolph County.

To begin, we agree with the circuit court that no showing has been made by defendant that Randolph County has a greater interest in hearing this case than Madison County. If we were to agree with defendant's contention, our conclusion would be tantamount to a ruling that the location of the accident outweighs the plaintiff's right to

select his home forum. Such a ruling would run contrary to established law. See *Cook v. General Electric Co.*, 146 Ill. 2d 548, 556 (1992). Accordingly, the interest of Randolph County does not outweigh the interest of Madison County and plaintiff's right to select his home forum.

Finally, we address the issue of judicial economy. As the circuit court pointed out, the average time lapse between the filing of civil cases and a jury verdict favored Madison County. In addition, the circuit court noted that juries are more easily obtained in Madison County than in Randolph County. These statistics and contentions go uncontested in defendant's brief on appeal. Again, a demonstration by defendant is lacking.

In conclusion, we do not believe the circuit court abused its discretion in denying defendant's motion to transfer. As the circuit court pointed out, defendant is shouldered with the burden of proof and must *show* that the factors *strongly* favor transfer. The record supports the circuit court's decision that defendant has failed to show, in light of the private- and public-interest factors set forth by our supreme court in *Peile* (163 Ill. 2d at 337), that the factors strongly favor transfer to Randolph County.

For the foregoing reasons, the order of the circuit court of Madison County is hereby affirmed.

Affirmed.

HOPKINS and MAAG, JJ., concur.