# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

***Shaw v. St. John's Hospital*, 2012 IL App (5th) 110088**

---

| | |
|---|---|
| Appellate Court Caption | CINDY M. SHAW, Plaintiff-Appellee, v. ST. JOHN'S HOSPITAL, THOMAS H. BOYD MEMORIAL HOSPITAL, MICHAEL McNEAR, V. SABODASH, DEAN BISHOP, K. HARIRAMA ACHARYA, DAVID PETERSON, JAE YANG, JOAN LEWIS, RODGER ELBLE, MONISHA DUTTA, MARY JONES, ILLINI MEDICAL ASSOCIATES, P.C., JOHN WOODWARD, CARMEL F. BONNAIG, WILLIAM STURM, SIU PHYSICIANS AND SURGEONS, INC., JONATHON ANNIS, and DEBORAH O'BRIEN, Defendants-Appellants (Passavant Memorial Area Hospital, Defendant and Third-Party Plaintiff-Appellant; and Jersey Community Hospital District, Third-Party Defendant).–CINDY M. SHAW, Plaintiff, v. ST. JOHN'S HOSPITAL, THOMAS H. BOYD MEMORIAL HOSPITAL, MICHAEL McNEAR, V. SABODASH, DEAN BISHOP, K. HARIRAMA ACHARYA, DAVID PETERSON, JAE YANG, JOAN LEWIS, RODGER ELBLE, MONISHA DUTTA, MARY JONES, ILLINI MEDICAL ASSOCIATES, P.C., JOHN WOODWARD, CARMEL F. BONNAIG, WILLIAM STURM, SIU PHYSICIANS AND SURGEONS, INC., JONATHON ANNIS, and DEBORAH O'BRIEN, Defendants (Passavant Memorial Area Hospital, Defendant and Third-Party Plaintiff-Appellee; and Jersey Community Hospital District, Third-Party Defendant-Appellant). |
| District & No. | Fifth District<br>Docket Nos. 5-11-0088, 5-11-0137 cons. |
| Filed | October 26, 2012 |

Held

(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*)

In an action alleging negligence in the diagnosis of the condition that made plaintiff blind, the denial of defendants' motion to transfer the action to a different county was affirmed on the grounds that the relevant public-interest and private-interest factors did not favor a transfer, but the denial of the motion of a third-party defendant hospital, a public corporation, to sever the contribution claims against it and transfer those claims to the county where it was located was reversed and remanded with directions that severance and transfer be granted.

Decision Under Review

Appeal from the Circuit Court of Madison County, No. 10-L-863; the Hon. A.A. Matoesian, Judge, presiding.

Judgment

Affirmed in part and reversed in part; cause remanded with directions.

Counsel on Appeal

Jaime L. Bremerkamp, Kathleen L. Pine, and Timothy C. Sansone, all of Sandberg, Phoenix & von Gontard, P.C., of St. Louis, Missouri, for appellant Passavant Memorial Area Hospital.

Timothy S. Richards, of Neville, Richards & Wuller, LLC, of Belleville, for appellants Illini Medical Associates, P.C., and Michael McNear.

Brad A. Elward, of Heyl, Royster, Voelker & Allen, of Peoria, for appellants Carmel F. Bonnaig and Thomas H. Boyd Memorial Hospital.

Thomas H. Wilson, of HeplerBroom, LLC, of Springfield, for appellant Rodger Elble.

Peter W. Brandt, of Livingston, Barger, Brandt & Schroeder, of Bloomington, for appellants K. Harirama Acharya and SIU Physicians and Surgeons, Inc.

Michael J. Nester, of Donovan, Rose, Nester, P.C., of Belleville, for appellants Monisha Dutta, V. Sabodash, and St. John's Hospital.

Matthew J. Maddox, of Quinn, Johnston, Henderson, Pretorius & Cerulo, of Springfield, for appellants Mary Jones and Joan Lewis.

Terese A. Drew, of Hinshaw & Culbertson, of St. Louis, Missouri, for appellant David Peterson.

Richard H. Narup, of Drake, Narup & Mead, P.C., of Springfield, for appellant Jae Yang.

Ann Marie Piana, of Eckenrode-Maupin, of St. Louis, Missouri, for appellant Dean Bishop.

Kenneth M. Burke, of Brown & James, P.C., of Belleville, for appellant John Woodward.

Ted W. Dennis, of Freeark, Harvey, Mendillo, Dennis, Wuller, Cain, Murphy, of Belleville, for appellant Jonathon Annis.

Jeffrey R. Glass, of Hinshaw & Culbertson, of Belleville, for appellant Deborah O'Brien.

Judith C. Broston and Tricia J. Mueller, both of Lashley & Baer, P.C., of St. Louis, Missouri, for appellant Jersey Community Hospital District.

Thomas Q. Keefe III, of Thomas Q. Keefe, Jr., P.C., of Belleville, for appellee.

Panel        JUSTICE SPOMER delivered the judgment of the court, with opinion.
Justices Welch and Chapman concurred in the judgment and opinion.

## OPINION

¶ 1      In these appeals, which this court, on its own motion, consolidated for purposes of argument and decision, the defendants, St. John's Hospital, Thomas H. Boyd Memorial Hospital, Michael McNear, M.D., V. Sabodash, M.D., Dean Bishop, D.O., K. Harirama Acharya, M.D., David Peterson, M.D., Jae Yang, M.D., Joan Lewis, A.P.N., Rodger Elble, M.D., Monisha Dutta, M.D., Mary Jones, M.D., Illini Medical Associates, P.C., John Woodward, CRNA, Carmel F. Bonnaig, M.D., William Sturm, PA-C, SIU Physicians and Surgeons, Inc., Jonathon Annis, M.D., Deborah O'Brien, M.D., and Passavant Memorial

Area Hospital, appeal the February 4, 2011, order of the circuit court of Madison County that denied their motion to transfer the causes of action of the plaintiff, Cindy M. Shaw, to Jersey County for improper venue pursuant to section 2-104 of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2-104 (West 2010)) or, in the alternative, for *forum non conveniens* pursuant to Illinois Supreme Court Rule 187 (eff. Aug. 1, 1986). The third-party defendant, Jersey Community Hospital District, appeals the March 4, 2011, order that denied its motion to sever the third-party claims against it and transfer them to Jersey County pursuant to section 2-103(a) of the Code (735 ILCS 5/2-103(a) (West 2010)). For the following reasons, we affirm the February 4, 2011, order, reverse the March 4, 2011, order, and remand with directions that the circuit court sever the third-party claims against Jersey Community Hospital and transfer them to Jersey County.

¶ 2        We note that there were three motions to quash notices of deposition and new written discovery filed in this court which were not ruled upon prior to the issuance of this opinion. These include the August 2, 2012, motion filed on behalf of Illini Medical Associates, the August 10, 2012, motion filed on behalf of Mary Jones, M.D., and Joan Lewis, and the September 10, 2012, motion filed on behalf of SIU Physicians and Surgeons, Inc. Because the stay will be lifted upon the issuance of this opinion, we hereby deny all three motions as moot.

¶ 3                                                FACTS

¶ 4        The plaintiff filed a complaint in St. Clair County on March 19, 2010, which, after several amendments, culminated in a statement of causes of action for medical malpractice against all of the first-party defendants listed above for their alleged roles in failing to diagnose and treat the plaintiff for pseudotumor cerebri, a condition deriving from intracranial pressure which the plaintiff alleges ultimately caused her to become blind.[1] On July 22, 2010, the circuit court of St. Clair County transferred the case to Madison County at the plaintiff's request after the defendants filed a motion to transfer to Jersey County for *forum non conveniens* pursuant to Illinois Supreme Court Rule 187 (eff. Aug. 1, 1986). In September and October of 2010, the various defendants again filed motions to transfer the case from Madison County to Jersey County for *forum non conveniens* pursuant to Rule 187.

¶ 5        In support of their motion to transfer for *forum non conveniens*, the defendants provided the court with the plaintiff's medical records showing the locations where she was treated throughout the period she claims she was misdiagnosed by the defendants. Passavant Memorial Area Hospital is located in Morgan County. St. John's Hospital and SIU Physicians and Surgeons are located in Sangamon County. Thomas H. Boyd Memorial Hospital is located in Greene County. Illini Medical Associates and Jersey Community

_____

[1] The plaintiff, through different counsel, previously filed a complaint in 2009 in Madison County against Jersey Community Hospital, Illini Medical Associates, Jonathon Annis, M.D., Shaina Schiwitz, M.D., and Deborah O'Brien for the same injury. That case was transferred to Jersey County pursuant to section 2-103 of the Code (735 ILCS 5/2-103 (West 2008)) and later voluntarily dismissed.

Hospital are located in Jersey County. Illini Medical Associates also has two offices in Madison County. The individual doctors who allegedly misdiagnosed the plaintiff are located throughout those counties as well. Other healthcare providers who treated the plaintiff after she became blind are located in St. Louis, Missouri, and Cook County, where the plaintiff attended the Chicago School for the Blind.

¶ 6     In further support of their motion to transfer for *forum non conveniens*, the defendants presented the court with the plaintiff's answers to interrogatories, wherein the plaintiff stated that she has resided in Madison County since February 4, 2010. Prior to that, she resided in Greene County and worked in Jersey County. The plaintiff also produced records showing that since she became blind, she became pregnant and was treated at Saint Anthony's Health Center, which is located in Madison County. Finally, the defendants presented the court with the civil caseload statistics for 2008, which showed that Madison County had 1,540 chancery cases filed, as opposed to Jersey County, which had 91.

¶ 7     In opposition to the motions to transfer for *forum non conveniens*, the plaintiff's attorney filed two affidavits. In the first affidavit, the plaintiff's attorney attested that the plaintiff is a resident of Madison County who has a strong interest in prosecuting this case in her home county for a variety of reasons, including the expense to her in litigating the case in a different county and the expense and hardship of caring for her baby during trial. The baby's father also lives and works in Madison County. The plaintiff's counsel further attested that several Madison County medical providers have rendered care and treatment to the plaintiff since she became blind, including her primary care physician, who would be a critical damages witness in the case. In addition, the plaintiff's counsel attested that other important medical evidence is located in St. Louis, Missouri, including the plaintiff's last treating ophthalmologist. According to the first affidavit of the plaintiff's counsel, a trial in Jersey County would be extraordinarily inconvenient to the plaintiff. In the plaintiff's attorney's second affidavit, he attested as to the relative mileage between the various counties where evidence and witnesses were located and Madison and Jersey Counties, showing the differences to be minimal.

¶ 8     While the motions to transfer for *forum non conveniens* were pending, one of the defendants, Passavant Memorial Area Hospital, filed a third-party complaint for contribution against Jersey Community Hospital, along with cross-claims against some of the defendants already named by the plaintiff. After the third-party complaint was filed, the various defendants filed motions to transfer the entire action to Jersey County for improper venue pursuant to section 2-104 of the Code (735 ILCS 5/2-104 (West 2010)). The defendants argued that because the third-party defendant, Jersey Community Hospital, is a public corporation, section 2-103 of the Code (735 ILCS 5/2-103 (West 2010)) requires suits against it to be filed in the county where its principal office is located or where the cause of action against it arose. According to the defendants, Illinois law requires third-party actions to be tried with the underlying claim, and, as such, the entire action must be transferred to Jersey County.

¶ 9     On February 4, 2011, the circuit court entered an order denying the defendants' motions to transfer for improper venue, as well as for *forum non conveniens*. However, the circuit court granted the third-party defendant, Jersey Community Hospital, leave to file a motion

to sever the claims against it. On February 24, 2011, Jersey Community Hospital filed its motion to sever and to transfer the third-party claims for contribution to Jersey County pursuant to section 2-103 of the Code (735 ILCS 5/2-103 (West 2010)). On March 4, 2011, the circuit court denied the motion to sever and transfer.

¶ 10      On March 7, 2011, the defendants filed, pursuant to Illinois Supreme Court Rules 306(a)(2) and (a)(4) (eff. Feb. 16, 2011), a petition for leave to appeal the denial of the motions to transfer the entire action. On April 4, 2011, the third-party defendant filed, pursuant to Illinois Supreme Court Rule 306(a)(4) (eff. Feb. 16, 2011), a petition for leave to appeal the denial of its motion to sever and transfer the third-party claims. Sometime after the defendants filed their petitions for leave to appeal, Jersey Community Hospital filed, pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2010)), a motion to dismiss the third-party contribution claims in the circuit court on the basis that as a local public entity, sections 6-105 and 6-106 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/6-105, 6-106 (West 2010)) provide it with absolute immunity from allegations that it negligently diagnosed or treated a patient. The circuit court stayed ruling on the motion to dismiss pending the outcome of this appeal.

¶ 11      On June 10, 2011, this court denied both petitions for leave to appeal. By supervisory order dated September 28, 2011, the Illinois Supreme Court directed this court to vacate the orders denying the petitions for leave to appeal and to consider both appeals on their merits. On November 14, 2011, this court granted the petitions pursuant to the Illinois Supreme Court's order.

¶ 12                                    ANALYSIS

¶ 13      We will begin by addressing the propriety of the circuit court's order denying the defendants' motion to transfer the entire action to Jersey County for improper venue pursuant to section 2-104 of the Code (735 ILCS 5/2-104 (West 2010)) on the basis that the third-party defendant, Jersey Community Hospital, may only be sued in Jersey County pursuant to section 2-103 of the Code (735 ILCS 5/2-103 (West 2010)). Where, as here, the facts underlying a question of statutory venue are undisputed, we review the circuit court's legal conclusions as to proper venue *de novo*. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 155 (2005). The statutory venue provision at issue is section 2-103 of the Code, which provides, *inter alia*, as follows:

> "Actions must be brought against a public, municipal, governmental or quasi-municipal corporation in the county in which its principal office is located or in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2-103(a) (West 2010).

¶ 14      The defendants argue that once the third-party claims were filed against Jersey Community Hospital, a public corporation with its principal office in Jersey County, where the causes of action against it arose, Madison County became an improper venue for the entire action and the entire action must be transferred to Jersey County pursuant to section 2-103. The defendants support their argument with the proposition that Illinois law requires that a third-party contribution claim be asserted and tried together with the underlying suit.

¶ 15    Disregarding the amendment set forth in Public Act 89-7, which was declared unconstitutional as unseverable by the Illinois Supreme Court in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997), section 5 of the Joint Tortfeasor Contribution Act provides that "a cause of action for contribution among joint tortfeasors *** may be asserted by a separate action before or after payment ***[,] by counterclaim or by third-party complaint in a pending action." 740 ILCS 100/5 (West 2010). In *Laue v. Leifheit*, the Illinois Supreme Court held that this language only allowed for assertion of a contribution claim in a separate action when no suit is initiated by the injured party. *Laue v. Leifheit*, 105 Ill. 2d 191, 196 (1984). The Illinois Supreme Court held that when there is a pending action initiated by the injured party, the party seeking contribution must assert a claim by counterclaim or by third-party claim in that action. *Id.* In addition to its interpretation of the statutory language, the Illinois Supreme Court cited strong public policy considerations supporting its holding, finding that one jury should decide both the liability to the plaintiff and the percentages of liability among the defendants, so as to avoid a multiplicity of lawsuits, inconsistent verdicts, and a waste of time and resources. *Id.* at 196-97.

¶ 16    While the legislature attempted to abrogate the *Leifheit* decision in enacting the amendment to section 5 of the Joint Tortfeasor Contribution Act (740 ILCS 100/5 (West 1996)) set forth in Public Act 89-7, thus making it clear that a contribution action is not required to be asserted during the pendency of litigation brought by a claimant, we believe the declaration in *Best*, 179 Ill. 2d 367, that such amendment is unconstitutional because it is unseverable from other portions of Public Act 89-7, partially reinstated *Laue*'s precedential value, although it may call into question whether the legislature really did intend the interpretation set forth therein. In any event, we will proceed with our analysis assuming that the defendants are required by Illinois law to assert their third-party claims against Jersey Community Hospital in this action. With that assumption in mind, we must determine whether, pursuant to section 2-103 of the Code (735 ILCS 5/2-103 (West 2010)), the assertion of the third-party claim against a public corporation requires transfer of the entire action to the county where the third-party defendant's principal office is located and where the cause of action against the third-party defendant accrued. In other words, we must determine whether, in a situation such as this, Illinois law requires the third-party claim and the underlying claim to be tried together. We find that it does not.

¶ 17    In *Cook v. General Electric Co.*, the Illinois Supreme Court found that while the judicial economy concerns set forth in *Leifheit* are compelling, those considerations, without more, do not require transfer of an entire action to the county in which a third-party defendant is entitled to venue under section 2-103 of the Code. *Cook v. General Electric Co.*, 146 Ill. 2d 548, 556 (1992). The court made clear that Illinois law does not require that contribution actions invariably be tried together with the underlying action. *Id.* The court recognized that such a holding would allow defendants to change venue whenever they chose merely by filing a complaint for contribution against a governmental entity. *Id.* The court concluded that *Leifheit* requires only that claims for contribution be asserted in the pending action, not that there must inevitably be a joint trial in every case. *Id.* In order to determine whether transfer of the entire case was warranted, the court employed a *forum non conveniens* analysis. *Id.* at 556-60. Accordingly, we find that the circuit court did not err in denying the

defendants' motions to transfer the plaintiff's claims to Jersey County for improper venue under sections 2-103 and 2-104 of the Code (735 ILCS 5/2-103, 2-104 (West 2010)), and we turn to the propriety of the order denying the motion to transfer the plaintiff's claims for *forum non conveniens*.

¶ 18    Whether to transfer a case pursuant to the doctrine of *forum non conveniens* is primarily in the discretion of the circuit court, and we will reverse the circuit court's decision only if there is an abuse of discretion. *Cook*, 146 Ill. 2d at 556. The question is not whether this court would reach a different result than the circuit court. Instead, we can only find an abuse of discretion where no reasonable person could agree with the decision. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 442 (2006). In analyzing a *forum non conveniens* motion, the court must balance various private- and public-interest factors, and transfer is required only where the relevant factors, viewed in their totality, strongly favor the forum suggested by the defendants. *Id.* (quoting *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 176 (2003), quoting *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 108 (1990)).

¶ 19    Turning to the private-interest factors, the circuit court was required to balance: (1) the convenience of the parties, (2) the relative ease of access to witnesses, documents, and other evidence, and (3) other practical issues related to the easy, expeditious, and inexpensive trial of a case. *Id.* at 443. In assessing the convenience of the parties, the court must be mindful that the plaintiff's right to select the forum is substantial, and when she chooses her home forum, it is reasonable to presume that this choice is convenient to the plaintiff and should be given deference. *Dawdy*, 207 Ill. 2d at 175-76.

¶ 20    Here, although she was a resident of Greene County at the time her causes of action first arose, the plaintiff is now a resident of Madison County, and in assessing the convenience of the parties, it was reasonable for the court to presume that Madison County is convenient to her. The defendants, on the other hand, are spread throughout Jersey, Sangamon, Morgan, and Greene Counties, and the relative distances between the location of many of the defendants and Madison and Jersey Counties are minimal, as reflected in the plaintiff's attorney's affidavit. In addition, while the plaintiff's attorney presented the court with an affidavit attesting to the convenience to the plaintiff of Madison County over Jersey County, the defendants did not present affidavits to the court attesting to the relative convenience to them. Moving to the relative ease of access to witnesses, documents, and other evidence, the record again reflects that such evidence is spread throughout many counties, including Cook County and St. Louis, Missouri. Accordingly, we find that a reasonable trial judge could find that these factors do not strongly favor transfer to Jersey County.

¶ 21    Moving to other practical issues related to the easy, expeditious, and inexpensive trial of a case, we must consider the judicial economy considerations stated in *Leifheit* in recognizing that the third-party defendant, Jersey Community Hospital, is only subject to suit in Jersey County. See *Cook*, 146 Ill. 2d at 559. However, we recognize that based on the pleadings and record presented, there is a strong likelihood that Jersey Community Hospital will be found to be immune from suit, as it appears that the allegations against it are based on a failure of its agents to diagnose and treat the plaintiff for pseudotumor cerebri. Section 6-105 of the Tort Immunity Act provides as follows:

"Neither a local public entity nor a public employee acting within the scope of his employment is liable for injury caused by the failure to make a physical or mental examination, or to make an adequate physical or mental examination of any person for the purpose of determining whether such person has a disease or physical or mental condition that would constitute a hazard to the health or safety of himself or others." 745 ILCS 10/6-105 (West 2010).

¶ 22 In addition, section 6-106 of the Tort Immunity Act provides as follows:

"Neither a local public entity nor a public employee acting within the scope of his employment is liable for injury resulting from diagnosing or failing to diagnose that a person is afflicted with mental or physical illness or addiction or from failing to prescribe for mental or physical illness or addiction." 745 ILCS 10/6-106(a) (West 2010).

¶ 23 We recognize that the merits of Jersey Community Hospital's motion to dismiss based on the above-cited provisions of the Tort Immunity Act are not before this court and that the circuit court stayed its ruling on the motion pending the outcome of this appeal. However, we find that for purposes of a *forum non conveniens* analysis and assessing the weight to be given the considerations of judicial economy that stem from the fact that Jersey Community Hospital is only subject to suit in Jersey County, it would be reasonable for the circuit court to consider the potential viability of the contribution claims. Due to Jersey Community Hospital's potential immunities, it would be reasonable for the circuit court to give this factor less weight than it may otherwise merit and conclude that it does not strongly favor transfer to Jersey County.

¶ 24 The public-interest factors to be analyzed in ruling on a motion to transfer for *forum non conveniens* are: (1) the interest in having local controversies decided locally, (2) the unfairness of imposing expenses of trial and the burden of jury duty on a county with little or no connection to the litigation, and (3) relative court congestion. *Langenhorst*, 219 Ill. 2d at 443-44. With regard to the interest in having local controversies decided locally and the fairness of imposing jury duty on the citizens of the respective counties at issue, although the plaintiff was not a resident of Madison County during the time she was allegedly misdiagnosed, the circuit court may have reasonably given some weight to the fact that the plaintiff is currently a Madison County resident and Madison County may have at least some interest in vindicating the rights of its residents. And while recognizing that many of the instances where the plaintiff alleges she was misdiagnosed occurred in Jersey County, many instances are also alleged to have occurred in Morgan, Sangamon, and Greene Counties. For these reasons, it would be reasonable for the circuit court to find that these factors, at most, only slightly favor transfer to Jersey County.

¶ 25 Finally, we turn to the public-interest factor of the relative court congestion of the counties. We recognize that there is a large disparity in the number of chancery cases filed in the two counties and that this factor would weigh in favor of Jersey County over Madison County. However, based on a review of all the factors, as explained above, we find that a reasonable trial judge could find that the balance of all the factors does not strongly favor transfer of the plaintiff's claims from Madison County to Jersey County. Accordingly, the circuit court did not abuse its discretion in denying the defendants' motion to transfer.

¶ 26    Having found that the circuit court did not err in denying the defendants' motion to transfer, we must consider the circuit court's March 4, 2011, order, which denied the motion of the third-party defendant, Jersey Community Hospital, to sever the contribution claims against it and transfer them to Jersey County pursuant to section 2-103 of the Code (735 ILCS 5/2-103 (West 2010)). Again, because the facts underlying the issue of the proper venue for the claims are not in dispute, our standard of review is *de novo*. *Corral*, 217 Ill. 2d at 155. Based on the mandatory language of section 2-103 of the Code (735 ILCS 5/2-103 (West 2010)), which is quoted above, it is clear that the contribution claims against Jersey Community Hospital are required to be venued in Jersey County, where Jersey Community Hospital has its principal offices and where its agents were alleged to have rendered a negligent diagnosis and treatment. Accordingly, in light of our conclusion that the circuit court's decision that the plaintiff's claims are to remain in Madison County must be affirmed, the contribution claims against Jersey Community Hospital must be severed and transferred to Jersey County.

¶ 27    We reject the defendants' argument that because an order denying a motion to sever is not a proper subject of an interlocutory appeal under Illinois Supreme Court Rule 306 (eff. Feb. 16, 2011), this court lacks jurisdiction over the circuit court's March 4, 2011, order. The ruling on the motion to transfer for improper venue necessarily required a severance, and so this court must address the motion to sever in order to reach the issue of the proper venue, on which Jersey Community Hospital is entitled to review pursuant to Rule 306. For these reasons, we reverse the March 4, 2011, order and remand with directions that the circuit court sever the third-party contribution claims against Jersey Community Hospital and transfer them to Jersey County.

¶ 28                                 CONCLUSION

¶ 29    For the foregoing reasons, we affirm the February 4, 2011, order that denied the defendants' motion to transfer for improper venue or *forum non conveniens*, reverse the March 4, 2011, order that denied Jersey Community Hospital's motion to sever the third-party claims against it and transfer them for improper venue, and remand with directions that the circuit court sever the third-party claims against Jersey Community Hospital and transfer them to Jersey County.

¶ 30    Affirmed in part and reversed in part; cause remanded with directions.