CLINTON HARSHMAN *et al.*, Plaintiffs-Appellees, v. GEORGE E. DePHILLIPS, Defendant-Appellant.

First District (6th Division)   No. 1—03—3169

Opinion filed December 10, 2004.

Pretzel & Stouffer, Chtrd., of Chicago (Robert Marc Chemers and Scott L. Howie, of counsel), for appellant.

Phillips Law Offices, of Chicago (Thomas L. O'Carroll, of counsel), for appellees.

JUSTICE McNULTY delivered the opinion of the court:
This is a permissive interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (134 Ill. 2d R. 308). Defendant George De-Phillips appeals from the denial of his motion to dismiss a claim for contribution filed against him by plaintiffs Clinton Harshman, Blachowske Truck Lines, Inc., and Dahl Trucking, Inc. (collectively, Harshman). The circuit court certified for appeal the question: "[M]ay a contribution claim be brought in accordance with Illinois law in a separate proceeding if the party first attempted to bring the claim in the original proceedings in a separate jurisdiction and was denied leave by that court to file said contribution claim?" We believe that, on the record presented here, the certified question must be answered in the negative.

## Background

In October 1999 LaVerne Peterson and Mary Peterson (the Petersons) filed suit in Lake County, Indiana, superior court, seeking damages from Harshman for injuries allegedly arising from a March 23, 1999, collision in Gary, Indiana, between their car and his truck. As a result of her injuries, LaVerne Peterson received medical treatment from DePhillips, including a four-level spine disectomy and fusion.

The Petersons asserted no claims against DePhillips in the original suit. The action was removed to the United States District Court for the Northern District of Indiana.

According to pleadings filed by Harshman, his claim for contribution arose from the January 15, 2001, deposition of Dr. Gary Skaletsky, in which Skaletsky testified that DePhillips' treatment was unnecessary and actually worsened the injuries LaVerne sustained in the collision. On January 29, 2001, Harshman moved to extend discovery,

to continue the trial date and for leave to file a third-party complaint for contribution against DePhillips. Discovery was scheduled to close on January 31, 2001, and trial was scheduled for March 26, 2001.

The United States District Court magistrate presiding over the matter ruled that reopening discovery, postponing the scheduled trial date, and introducing the new issues of DePhillips' alleged negligence would be unduly prejudicial to the Petersons and accordingly denied Harshman's motion. The magistrate advised Harshman that under Illinois law, "a contribution claim may be brought in a separate action even if not filed while the underlying action is still pending."

Harshman did not appeal the denial of his motion. Instead, he filed the contribution claim as a separate action in the circuit court of Cook County. Judgment in the Indiana action was entered against Harshman for $1,471,350. In Illinois, DePhillips moved for the circuit court to dismiss the action based on section 5 of the Joint Tortfeasor Contribution Act (740 ILCS 100/5 (West 1998)). The circuit court denied the motion to dismiss, but certified the aforementioned question for appeal.

## Analysis

■ Section 5 of the Joint Tortfeasor Contribution Act (Contribution Act) provides that "a cause of action for contribution among joint tortfeasors *** may be asserted by a separate action before or after payment *** by counterclaim or by third-party complaint in a pending action." 740 ILCS 100/5 (West 1998). The supreme court has definitively interpreted the language of the Act to disallow the pursuit of contribution claims in separate actions where another action regarding the matter has been previously filed. "[A] party seeking contribution must assert a claim by counterclaim or by third-party claim in [the pending] action." *Laue v. Leifheit*, 105 Ill. 2d 191, 196 (1984). "One jury should decide both the liability to the plaintiff and the percentages of liability among the defendants, so as to avoid a multiplicity of lawsuits in an already crowded court system and the possibility of inconsistent verdicts." *Laue*, 105 Ill. 2d at 196-97. The supreme court has consistently reiterated this construction of section 5 of the Contribution Act. "The *Laue* court's construction of section 5 of the Contribution Act leads us to conclude that anytime a joint tortfeasor fails to bring his contribution claim in the original action, any claim to contribution is thereafter a nullity." *Henry v. St. John's Hospital*, 138 Ill. 2d 533, 546 (1990); see also *Hayes v. Mercy Hospital & Medical Center*, 136 Ill. 2d 450, 460 (1990).

■ Harshman argues that *Laue* should not be interpreted as a complete bar to the pursuit of contribution claims not filed during the

pendency of a prior-filed action and cites *Cook v. General Electric Co.*, 146 Ill. 2d 548 (1992), and *Anderson v. Alberto-Culver USA, Inc.*, 337 Ill. App. 3d 643 (2003), as support for this argument. We find his reliance on these precedents to be misplaced. In each case, the contribution plaintiff proceeded in accordance with the directive of *Laue* by filing its contribution claim in the original action. In *Cook*, the supreme court held that this mandate did not preclude the possibility of separate trials in the event that severance was dictated by *forum non conveniens* analysis. *Cook*, 146 Ill. 2d at 556. In *Anderson*, this court held that *Laue* did not prohibit a trial judge from directing separate, nonconcurrent jury deliberations on original wrongful death claims and related contribution claims in a complex action. *Anderson*, 337 Ill. App. 3d at 664. *Cook* and *Anderson* thus confirm that a trial judge retains discretion to sever the trial of a contribution claim from that of the original action; but neither case suggests a departure from the requirement that the contribution claim must initially be filed during the pendency of the original cause.

Harshman next argues that he met the requirements of the Contribution Act as interpreted by *Laue* by moving for leave of court to file a third-party complaint against DePhillips. In our view, this argument is unsupported by the plain language of *Laue*, which unequivocally directs that the contribution plaintiff not merely "assert" his claim, but that he assert it in the original action "by counterclaim or by third-party claim in that action." *Laue*, 105 Ill. 2d at 196. We are unaware of any Illinois precedent that has held this directive to be satisfied by the mere request for leave to file a complaint, and none has been cited by Harshman. We therefore adhere to the explicit language of *Laue* and hold that Harshman was required to actually file his contribution complaint as a third-party claim in the original action filed by the Petersons.

Harshman also contends that an exception to the requirement of filing his contribution claim in the original action should be made because the magistrate's denial of his motion for leave to file prevented his compliance with the rule. On similar facts, Illinois reviewing courts have reached the opposite conclusion; finding that a trial court's denial of leave to file a third-party claim or counterclaim, rather than providing a basis for allowing such claims to be filed separately, instead operates to conclusively preclude further pursuit of such claims.

In *Henry v. St. John's Hospital*, 159 Ill. App. 3d 725, 734 (1987), a tort defendant was not allowed to file a contribution claim against a joint tortfeasor due to the prejudice to the other parties that would have resulted from allowance of the belated claim; the denial of leave to file was affirmed by the appellate court. The contribution claimant

then attempted to assert the Contribution Act's protection of joint tortfeasors against payments in excess of their prorated share of liability by tendering only its prorated share of the unpaid damages to the plaintiff. Our supreme court held that any right to contribution had been foreclosed by the initial denial of leave to file the claim: "This serves only to support our holding that by failing to preserve their contribution rights in the original action, defendants have effectively waived those rights." *Henry v. St. John's Hospital*, 138 Ill. 2d 533, 547 (1990).

In *Mann v. Rowland*, 342 Ill. App. 3d 827 (2003), a defendant in a federal court action for attorney fees sought to assert a counterclaim for malpractice, but was denied leave to file the claims because discovery in the original action had closed. *Mann*, 342 Ill. App. 3d at 831. The defendant then attempted to raise the same malpractice claims against the attorneys in a subsequent state court proceeding. *Mann*, 342 Ill. App. 3d at 832. This court held that the claims were barred by the *res judicata* doctrine, noting that the defendant "did raise these same causes of action in the federal fees case but not until after the discovery deadline in the case had closed," and concluding that "[i]ts failure to abide by the time requirements of the district court does not entitle it to a second 'bite at the apple' in this court." *Mann*, 342 Ill. App. 3d at 838, citing *Peregrine Financial Group, Inc. v. Ambuehl*, 309 Ill. App. 3d 101, 109 (1999).

In our view, these precedents indicate that the magistrate's denial of leave to file Harshman's contribution counterclaim weighs in favor of dismissal of his claims here and do not offer a basis for an exception to the requirements defined in *Laue*. We conclude that Illinois law does not allow Harshman's contribution claim against DePhillips.

Certified question answered in the negative and cause remanded.

FITZGERALD SMITH, P.J., and O'MARA FROSSARD, J., concur.