Docket No. 99805.

IN THE
SUPREME COURT
OF
THE STATE OF ILLINOIS

CLINTON HARSHMAN *et al.*, Appellants, v. GEORGE E.
DePHILLIPS, Appellee.

*Opinion filed February 17, 2006.*

JUSTICE GARMAN delivered the judgment of the court, with
opinion.
Chief Justice Thomas and Justices Freeman, McMorrow,
Fitzgerald, and Kilbride concurred in the judgment and opinion.
Justice Karmeier dissented.

**OPINION**

Plaintiffs Clinton Harshman, Blachowske Truck Lines, Inc., and
Dahl Trucking, Inc., were sued for negligence in the United States
District Court for the Northern District of Indiana. A federal
magistrate judge denied them leave to file a third-party complaint
against defendant Dr. George E. DePhillips (see Fed. R. Civ. Proc.
14(a)). Subsequently, they filed a separate contribution action against
defendant in the Cook County circuit court. The circuit court denied
defendant's motion to dismiss (735 ILCS 5/2–619 (West 2002)).
However, the appellate court granted defendant leave to appeal (155
Ill. 2d R. 308) to address whether Illinois law permits a party to bring
a contribution claim in a separate proceeding after a court of another
jurisdiction has denied the party leave to file the claim in the original

proceeding. The appellate court answered the certified question in the negative and remanded the cause for further proceedings. We hold plaintiffs' contribution claim was not "asserted *** by third-party complaint in a pending action" within the meaning of section 5 of the Joint Tortfeasor Contribution Act (Contribution Act) (740 ILCS 100/5 (West 2000)) and is therefore not permitted by Illinois law. Accordingly, we affirm the judgment of the appellate court.

BACKGROUND

On March 23, 1999, Clinton Harshman and LaVerne and Mary Peterson were involved in an automobile accident in Gary, Indiana. Harshman was driving a truck owned by Dahl Trucking, Inc., and under lease to Blachowske Truck Lines, Inc. The truck collided with the Petersons' car.

After the accident, LaVerne Peterson received medical treatment from defendant for cervical spine pain and related symptoms. The treatment included spinal surgery, which defendant performed on July 9, 1999.

On October 21, 1999, the Petersons filed suit against plaintiffs in the Lake County, Indiana, superior court. They sought damages for injuries allegedly arising from the March 1999 accident. The Petersons did not assert any claims against defendant.

Plaintiffs removed the Petersons' lawsuit to the United States District Court for the Northern District of Indiana. The court scheduled discovery to end January 31, 2001. Trial was to begin March 26, 2001.

On January 15, 2001, plaintiffs deposed Dr. Gary Skaletsky. Dr. Skaletsky had examined LaVerne Peterson after the March 1999 automobile accident. According to plaintiffs' response to defendant's motion to dismiss the present action, as well as plaintiffs' brief before this court, they first became aware of the possibility of filing a contribution claim against defendant during Dr. Skaletsky's deposition. Plaintiffs maintain the deposition revealed that the surgery defendant performed on LaVerne Peterson was unnecessary and exacerbated his injuries.

After deposing Dr. Skaletsky, plaintiffs moved to file a third-party complaint for contribution against defendant, extend discovery, and continue the trial date. A federal magistrate judge denied

plaintiffs' motion. In an unpublished order (*Peterson v. Harshman*, No. 2:99 cv 516 (March 22, 2001)), the magistrate noted that, under Rule 14(a) of the Federal Rules of Civil Procedure (Fed. R. Civ. Proc. 14(a)), a defendant may, as a matter of right, file a third-party complaint against a person who is not a party to an action if that person might be liable to the defendant for all, or part, of the original plaintiff's claim. However, if the third-party plaintiff seeks to file a third-party complaint more than 10 days after service of the original answer, the third-party plaintiff must obtain leave of court to do so. The magistrate concluded that granting plaintiffs leave to file a third-party complaint against defendant would unfairly prejudice the Petersons. Plaintiffs' motion, the magistrate reasoned, was made at the close of discovery and on the eve of trial, long after the Petersons had filed suit. Therefore, granting it would require reopening discovery and continuing the trial date, which would unduly delay the proceedings.

Alternatively, the magistrate reasoned that granting plaintiffs' motion would unnecessarily complicate the case by introducing unrelated issues. The magistrate observed that Indiana law does not allow third-party contribution claims to be filed against physicians, but that Illinois law does permit such claims. However, he deemed it unnecessary to resolve whether Indiana law or Illinois law applied to plaintiffs' contribution claim. Instead, the magistrate expressed general concern with "[t]he complications attendant to the typical third-party claim against a treating physician," adding that those complications might be even greater in the instant case if a jury were required to apply Indiana law to the Petersons' negligence claim and Illinois law to plaintiffs' contribution claim.

Finally, the magistrate rejected plaintiffs' contention that refusing to permit them to file their contribution claim in the pending action would prevent them from bringing the claim in a separate action. Plaintiffs argued this court's interpretation of section 5 of the Contribution Act (740 ILCS 100/5 (West 2000)) in *Laue v. Leifheit*, 105 Ill. 2d 191 (1984), establishes that the failure of a party to assert a contribution claim while the original action is pending bars the party from filing a contribution claim in a separate action at a later time. The magistrate concluded, however, that *Laue* was abrogated by statute when the Contribution Act was amended in 1995. See 740 ILCS 100/5 (West 1996). According to the magistrate, under current

Illinois law, a contribution claim may be brought in a separate action even if it is not filed while the original action is still pending.

While a complete record of the proceedings before the federal district court is not before this court on review, plaintiffs do not dispute that they did not ask the magistrate to reconsider his denial of their motion. Nor do plaintiffs dispute that they did not seek review of the magistrate's decision by a federal district judge. Instead, on March 20, 2001, plaintiffs filed a contribution claim against defendant in a separate action in the Cook County circuit court. While the action was pending, the Petersons' case went to trial, and a jury returned verdicts in their favor. Judgment was entered against plaintiffs for $1,471,350, and plaintiffs did not appeal.

On January 6, 2003, defendant filed a motion to dismiss plaintiffs' contribution action. The circuit court denied the motion to dismiss. However, it granted defendant's motion to certify the following question for interlocutory review (155 Ill. 2d R. 308): "May a contribution claim be brought in accordance with Illinois law in a separate proceeding if the party first attempted to bring the claim in the original proceedings in a separate jurisdiction and was denied leave by that court to file said contribution claim?"

The appellate court granted plaintiffs leave to appeal and answered the certified question in the negative. 354 Ill. App. 3d 429. Citing *Laue*, the appellate court observed that this court has interpreted section 5 of the Contribution Act to require a party seeking contribution to assert its contribution claim in the pending action. 354 Ill. App. 3d at 431, quoting *Laue*, 105 Ill. 2d at 196. The appellate court then rejected plaintiffs' argument that *Laue* should not be interpreted as a complete bar to pursuing a contribution claim not filed while the underlying action is pending. 354 Ill. App. 3d at 431-32. The court also declined to hold that plaintiffs met the requirements of the Contribution Act, as interpreted in *Laue*, merely by moving for leave to file a third-party complaint against defendant. 354 Ill. App. 3d at 432. Relatedly, the court refused to create an exception to section 5 to accommodate plaintiffs. 354 Ill. App. 3d at 432-33. The court reasoned that, on similar facts, Illinois courts have found that a circuit court's denial of leave to file a third-party claim or a counterclaim precludes further pursuit of the claim. 354 Ill. App. 3d at 432-33. Accordingly, the appellate court concluded that

plaintiffs' contribution claim against defendant was not permitted by Illinois law. 354 Ill. App. 3d at 433.

Plaintiffs filed a petition for leave to appeal, which we allowed (177 Ill. 2d R. 315). While the case was pending, defendant filed a motion to strike two appendices from plaintiffs' brief. We ordered the motion to be taken with the case.

ANALYSIS

As a preliminary matter, we address defendant's motion to strike plaintiffs' appendices. The appendices consist of a medical report prepared by Dr. Skaletsy and a transcript of Dr. Skaletsky's deposition. Defendant argues they were not presented to the circuit court or the appellate court, and therefore are not properly before this court. We agree. Plaintiffs failed to include the appendices within the record on appeal in accordance with the procedures set forth in Supreme Court Rule 308 (155 Ill. 2d R. 308). There is no indication the appendices were submitted as part of a supplementary supporting record with plaintiffs' answer to defendant's application for leave to appeal, as required by section (c) of Rule 308 (155 Ill. 2d R. 308(c)). Nor is there any indication that, once leave to appeal was allowed, the appendices were submitted as part of an additional record on appeal, as required by section (d) of Rule 308 (155 Ill. 2d R. 308(d)). Therefore, the appendices are stricken from plaintiffs' brief.

I

Proceeding to the merits, the question the circuit court certified for review in this case asks whether plaintiffs' contribution claim is permissible under Illinois law. The applicable statute is section 5 of the Contribution Act, which provides:

"A cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending action." 740 ILCS 100/5 (West 1992).[1]

_____

[1]Effective March 9, 1995, section 5 was amended to provide as follows:
"Other than in actions for healing art malpractice, a cause of action for contribution among joint tortfeasors is not required to be asserted during the pendency of litigation brought by a

˘5˘

This case requires us to determine whether plaintiffs' contribution claim was "asserted *** by third-party complaint in a pending action" within the meaning of section 5. Because the issue is one of statutory interpretation, we review it *de novo*. *Barragan v. Casco Design Corp*., 216 Ill. 2d 435, 440 (2005).

At the outset, we note that we do not interpret section 5 on a blank slate. This court originally analyzed the statute in *Laue v. Leifheit*, 105 Ill. 2d 191. In *Laue*, the plaintiff filed a contribution action against the defendant to recover a percentage of the damages he had been required to pay in a prior action. See *Laue*, 105 Ill. 2d at 193-94. In the prior action, the defendant and four members of her

claimant and may be asserted by a separate action before or after payment of a settlement or judgment in favor of the claimant, or may be asserted by counterclaim or by third-party complaint in a pending action." 740 ILCS 100/5 (West 1996).

The amended version of section 5 was part of Public Act 89–7, which this court declared unconstitutional in its entirety in *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 467 (1997). As a result, the amended version of section 5 was rendered void *ab initio*, and the version of the statute in existence prior to its amendment remained in effect. See, *e.g.*, *People v. Gersch*, 135 Ill. 2d 384, 390 (1990) ("The effect of enacting an unconstitutional amendment to a statute is to leave the law in force as it was before the adoption of the amendment"). As yet, the legislature has not reenacted the amended version of section 5. See 740 ILCS 100/5 (West 2004). The unamended version of the statute is at issue in this case.

family sued the plaintiff for negligence after the truck the plaintiff was driving collided with a car driven by the defendant. *Laue*, 105 Ill. 2d at 193. A jury returned verdicts against the plaintiff, and the defendant and all of her family members recovered damages for the injuries they suffered in the collision. *Laue*, 105 Ill. 2d at 193. The defendant's award of damages, however, was reduced by 33⅓%, which was the jury's assessment of her comparative negligence in causing her own injuries. *Laue*, 105 Ill. 2d at 193-94. After judgment was entered on the verdicts, the plaintiff filed his contribution action against the defendant to recover 33⅓% of the damages he had paid to the defendant's family members. *Laue*, 105 Ill. 2d at 194. The circuit court granted the plaintiff's motion for judgment on the pleadings, but the appellate court reversed. *Laue*, 105 Ill. 2d at 194-95.

In affirming the judgment of the appellate court, this court addressed a single issue: whether the Contribution Act barred the plaintiff from bringing his contribution claim because he did not assert the claim in the original action. *Laue*, 105 Ill. 2d at 195. In a previous decision, *Tisoncik v. Szczepankiewicz*, 113 Ill. App. 3d 240 (1983), the appellate court had held that the language in section 5 providing that a contribution claim may be asserted by a "separate action before or after payment" applies to situations where the injured party does not file suit. *Laue*, 105 Ill. 2d at 196, quoting *Tisoncik*, 113 Ill. App. 3d at 245. The appellate court had further held that if the injured party does file suit, and there is a pending action, the contribution claim should be asserted by counterclaim or third-party complaint in that action. *Laue*, 105 Ill. 2d at 196, citing *Tisoncik*, 113 Ill. App. 3d at 245. Agreeing with the *Tisoncik* court's interpretation of section 5, this court held the language of the statute clearly requires that if there is a pending action, the party seeking contribution must assert his claim by counterclaim or by third-party claim in that action. *Laue*, 105 Ill. 2d at 196. This court also stated that public policy favors such a requirement, noting one jury should decide both the liability to the plaintiff and the apportionment of that liability among the named defendants and other parties. *Laue*, 105 Ill. 2d at 196-97. Requiring parties to litigate these matters in one suit, this court reasoned, minimizes docket crowding, avoids inconsistent verdicts, and limits the accumulation of attorney fees. *Laue*, 105 Ill. 2d at 196-97.

## II

In this case, plaintiffs do not ask that we overrule the *Laue* court's interpretation of section 5. Rather, they argue that while section 5, as interpreted in *Laue*, requires a party to "assert" its contribution claim in the original action, it does not require that the claim "actually proceed" in the original action. Plaintiffs cite this court's decision in *Cook v. General Electric Co.*, 146 Ill. 2d 548 (1992), for the proposition that *Laue* "requires only that claims for contribution be asserted in the pending action, not that there must inevitably be a joint trial in every case." *Cook*, 146 Ill. 2d at 556. Alternatively, plaintiffs request that this court recognize an exception to the requirement that a contribution claim must be asserted in the original action. Plaintiffs urge that in some instances, as here, judicial economy and fundamental fairness warrant allowing a party to bring a contribution claim outside the original action. At oral argument, plaintiffs also contended that the term "pending action" in section 5 should be interpreted to apply only to actions pending in Illinois. According to plaintiffs, section 5 is inapplicable to their contribution claim, because the action it arose from was filed in Indiana.

In response, defendant argues that section 5 of the Contribution Act does not permit a party to file a contribution claim outside the original action. Rather, under the plain language of the statute, the claim must be filed as a counterclaim or third-party complaint in the original action. Defendant emphasizes that section 5 contains no exception allowing a party who tries, but fails, to file a contribution claim in the original action to then file the claim in a separate action. Defendant further stresses that, in this case, plaintiffs made no attempt to seek review of the magistrate's denial of their motion to file a third-party complaint. According to defendant, plaintiffs' alleged late discovery of their contribution claim and the Contribution Act's bar to asserting a contribution claim outside the original action are reasons the magistrate should have let plaintiffs file their third-party complaint in federal court, not reasons this court should interpret section 5 to allow plaintiffs to proceed with their contribution claim in a separate action in Illinois.

Before we proceed, we briefly turn our attention to plaintiffs' argument that the "pending action" requirement in section 5 should be interpreted to apply only to actions pending in Illinois. Supreme

Court Rule 341 requires the appellant's brief to include "the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." 188 Ill. 2d R. 341(e)(7). Rule 341 further provides that "[p]oints not argued [in the appellant's brief] are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." 188 Ill. 2d R. 341(e)(7). Plaintiffs, as appellants, did not raise their argument regarding the scope of the "pending action" requirement until oral argument before this court. Accordingly, the argument is waived. See, *e.g.*, *People v. Thomas*, 164 Ill. 2d 410, 422 (1995) (ineffective assistance of appellate counsel argument raised for first time at oral argument before this court deemed waived).

III

Our primary objective in interpreting a statute is to give effect to the intent of the legislature. *U.S. Bank National Ass'n v. Clark*, 216 Ill. 2d 334, 346 (2005). We read the statute as a whole, considering all relevant parts. *Barragan*, 216 Ill. 2d at 441. The best indication of the legislature's intent is the statute's language, given its plain and ordinary meaning. *Crusius v. Illinois Gaming Board*, 216 Ill. 2d 315, 328 (2005). Where the statutory language is clear and unambiguous, it will be given effect without resorting to other aids of construction. *Zaabel v. Konetski*, 209 Ill. 2d 127, 133 (2004), quoting *People v. Rissley*, 206 Ill. 2d 403, 414 (2003).

Section 5 of the Contribution Act requires that, if there is a pending action, a contribution claim must be asserted in that action. 740 ILCS 100/5 (West 1992). Black's Law Dictionary defines "assert" as "[t]o state positively" or "[t]o invoke or enforce (a legal right)." Black's Law Dictionary 124 (8th ed. 2004). Significantly, under section 5, the contribution claim may be asserted within the pending action in one of two ways: by counterclaim or by third-party complaint. 740 ILCS 100/5 (West 1992). Plaintiffs' argument that section 5 does not require that the claim "actually proceed" in the original action ignores this aspect of section 5. Where a court denies a defendant leave to file a third-party complaint and, as a result, no third-party complaint is filed, the defendant cannot be said to have asserted a claim by third-party complaint. It is thus immaterial that section 5 does not provide that a contribution claim "actually

˘9˘

proceed" in the original action.

We further note that under plaintiffs' proposed interpretation of section 5, a contribution claim would qualify as having been "asserted *** by third-party complaint in a pending action" upon a defendant's request for leave to file a third-party complaint raising the contribution claim, regardless of whether leave is actually granted. This cannot be what the legislature intended in enacting section 5. A statute should be construed in a manner such that no term is rendered meaningless or superfluous. *Stroger v. Regional Transportation Authority*, 201 Ill. 2d 508, 524 (2002). If merely requesting leave to file a contribution claim constituted assertion of the contribution claim, then a defendant denied leave to file a third-party complaint raising his or her claim could immediately attempt to pursue the claim in a separate action, because the defendant would have satisfied the requirement of asserting the claim by third-party complaint in the pending action. This would render the requirement that the claim be asserted in the pending action a mere formality.

This court's decision in *Cook v. General Electric Co.*, 146 Ill. 2d 548 (1992), offers no support for plaintiffs' position. In *Cook*, the plaintiff was operating a train when it collided with a combine. *Cook*, 146 Ill. 2d at 550-51. He filed suit against his employer and the train's manufacturer on the ground the train lacked adequate safety equipment to protect him. *Cook*, 146 Ill. 2d at 551. The manufacturer filed a third-party complaint for contribution against Montgomery County and Walshville Township, and moved to transfer the entire action from St. Clair County to Montgomery County under the doctrine of *forum non conveniens*. *Cook*, 146 Ill. 2d at 551. It argued that the governmental defendants could be sued only in Montgomery County. *Cook*, 146 Ill. 2d at 551. The circuit court denied the manufacturer's motion but severed the contribution claim, transferring it to Montgomery County. *Cook*, 146 Ill. 2d at 551. The appellate court denied review. *Cook*, 146 Ill. 2d at 551.

On appeal, this court addressed whether the circuit court abused its discretion in denying the manufacturer's motion and transferring only the contribution claim to Montgomery County. *Cook*, 146 Ill. 2d at 551. Ultimately, this court reversed the judgment of the circuit court on the ground that under the doctrine of *forum non conveniens*, it was more appropriate to try the entire suit in Montgomery County.

See *Cook*, 146 Ill. 2d at 556-60. However, before conducting its *forum non conveniens* analysis, this court rejected the manufacturer's argument that *Laue v. Leifheit* and section 2‒103 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2‒103), taken without more, compelled transfer of the entire action to Montgomery County. See *Cook*, 146 Ill. 2d at 553-56. Section 2‒103, governing venue in lawsuits against governmental entities, required the contribution claims against Montgomery County and Walshville Township to be tried in Montgomery County because both entities had their principal offices in Montgomery County and the accident occurred there. *Cook*, 146 Ill. 2d at 553. Moreover, *Laue* could not be interpreted to give the circuit court discretion to sever the manufacturer's contribution claims. *Cook*, 146 Ill. 2d at 555 (quoting *Laue*'s requirement that " 'when there is a pending action, [any] contribution claim should be asserted *** *in that action*' "(emphasis in original) and emphasizing the considerations of judicial economy at play in *Laue*). However, this court declined to hold that "contribution actions must invariably be tried together with the original tort action." *Cook*, 146 Ill. 2d at 556. Such a holding would let defendants change venue whenever they wanted by merely filing a contribution complaint against a governmental entity. *Cook*, 146 Ill. 2d at 556. This court went on to determine that the concerns with judicial economy expressed in *Laue* and the fact the governmental defendants were subject to suit only in Montgomery County were just two factors to be considered within the broader *forum non conveniens* analysis. *Cook*, 146 Ill. 2d at 559.

As plaintiffs point out, this court did state in *Cook* that *Laue* "requires only that claims for contribution be asserted in the pending action, not that there must inevitably be a joint trial in every case." *Cook*, 146 Ill. 2d at 556. *Cook*, however, merely establishes that, for purposes of *forum non conveniens* analysis, *Laue* does not automatically require a joint trial, and thus does not automatically compel the transfer of a case to a specific forum. See *Cook*, 146 Ill. 2d at 556, 559. *Cook* does not support the proposition that the mere request for leave to file a third-party complaint constitutes the assertion of a contribution claim for purposes of section 5. Indeed, the defendant that raised the contribution claims in *Cook* was granted leave to file its third-party complaint. *Cook*, 146 Ill. 2d at 552. Thus, there was no question that the defendant's contribution claims were "asserted *** by third-party complaint in a pending action" (740

˘11˘

ILCS 100/5 (West 1992)). The issue, rather, was whether, in light of the applicable venue statute, the contribution claims that the defendant asserted could be tried in a separate action.

*Cook* is consistent with the prior decision of *Henry v. St. John's Hospital*, 138 Ill. 2d 533 (1990), in which this court reaffirmed the interpretation of section 5 set forth in *Laue* (*Henry*, 138 Ill. 2d at 546-47). In *Henry*, the plaintiff was injured during her birth as a result of the administration of an anesthetic to her mother. *Henry*, 138 Ill. 2d at 536. The plaintiff's mother filed suit on the plaintiff's behalf against the hospital, the doctor who administered the anesthetic, and the manufacturers of the anesthetic. *Henry*, 138 Ill. 2d at 536-37. During the trial, the manufacturers filed a contribution counterclaim against the hospital and the doctor, alleging that the doctor negligently administered the anesthetic. *Henry*, 138 Ill. 2d at 537. After the close of all evidence and prior to the instruction conference (*Henry v. St. John's Hospital*, 159 Ill. App. 3d 725, 734 (1987)), the hospital and doctor filed a motion requesting leave to bring a contribution counterclaim against the manufacturers, which was denied. *Henry*, 138 Ill. 2d at 547.

The jury returned a verdict against the defendants and determined their *pro rata* shares of the damages. *Henry*, 138 Ill. 2d at 537. All the defendants appealed the jury verdict, but while their appeals were pending, the manufacturers settled with the plaintiff. *Henry*, 138 Ill. 2d at 537-38. The trial court found the settlement to be in good faith. *Henry*, 138 Ill. 2d at 538. As a result, it dismissed the manufacturers from the plaintiff's action and vacated the judgment against them. *Henry*, 138 Ill. 2d at 538. The appellate court proceeded with the remaining defendants' appeal from the verdict and affirmed the judgment against them. *Henry*, 138 Ill. 2d at 538, citing *Henry*, 159 Ill. App. 3d at 735.

At that point, the plaintiff initiated postjudgment proceedings. *Henry*, 138 Ill. 2d at 538. The hospital and doctor responded by tendering a check to the plaintiff for their *pro rata* share of the judgment. *Henry*, 138 Ill. 2d at 538. They also moved for entry of judgment on the verdict. *Henry*, 138 Ill. 2d at 538. The trial court denied their motion, holding they were jointly and severally liable for the entire sum of the judgment, reduced only by the dollar amount of the plaintiff's settlement with the manufacturers. *Henry*, 138 Ill. 2d at

538. The hospital and doctor appealed this judgment, and the appellate court reversed, finding in their favor. *Henry*, 138 Ill. 2d at 538-39, citing *Henry v. St. John's Hospital*, 180 Ill. App. 3d 558 (1989). The appellate court interpreted the Contribution Act as providing that a plaintiff who settles with a tortfeasor after a verdict is returned in the plaintiff's favor waives the right to enforce the percentage of the judgment attributable to the settling tortfeasor against the nonsettling tortfeasors. *Henry*, 138 Ill. 2d at 538.

The plaintiff appealed the judgment of the appellate court, and this court reversed, holding that a plaintiff does not waive the right to enforce a judgment against a jointly and severally liable tortfeasor by settling with a co-tortfeasor. *Henry*, 138 Ill. 2d at 541. Based on the plain meaning of various sections of the Contribution Act, this court interpreted the Act as not affecting "a plaintiff's common law right to collect the full amount of a judgment from any individual tortfeasor who is jointly and severally liable for that plaintiff's injuries." *Henry*, 138 Ill. 2d at 542-43. Rather, "[i]f a plaintiff elects to settle with one party, the remaining tortfeasors are still jointly and severally liable for the full amount of the judgment, less the amount of the settlement." *Henry*, 138 Ill. 2d at 543. This court rejected the appellate court's characterization of the settlement agreement as a waiver of the plaintiff's right to the percentage of the judgment for which the manufacturers were liable, finding no support for that position in the language of the Act. *Henry*, 138 Ill. 2d at 543-44. In addition, this court rejected the arguments of the hospital and doctor that its interpretation of the Contribution Act would destroy their purported "right to pay only their *pro rata* share of the judgment" (*Henry*, 138 Ill. 2d at 545), and that holding them liable for the entire remainder of the judgment constituted improper postjudgment reallocation of the jury verdict (*Henry*, 138 Ill. 2d at 549-50).

Relevant to the instant case, this court declined to reach the issue raised by the hospital and doctor of whether the settlement between the plaintiff and the manufacturers was reached in good faith. *Henry*, 138 Ill. 2d at 547-48. Specifically, it was unnecessary to reach the issue because the settlement did not discharge any contribution liability. *Henry*, 138 Ill. 2d at 548. Discharge of a settling tortfeasor's liability cannot occur, this court reasoned, where a nonsettling joint tortfeasor has failed to preserve its contribution claim against the settling tortfeasor. *Henry*, 138 Ill. 2d at 548. The hospital and doctor

failed to preserve their contribution claim against the manufacturers "because they neglected to raise the contribution claim in a timely fashion during the original proceeding." *Henry*, 138 Ill. 2d at 548. As this court explained, under the construction of section 5 of the Contribution Act in *Laue*, "anytime a joint tortfeasor fails to bring his contribution claim in the original action, any claim to contribution is thereafter a nullity." *Henry*, 138 Ill. 2d at 546. Although the facts of *Henry* were distinguishable from *Laue*, this court found no reason to depart from *Laue*'s "express holding." *Henry*, 138 Ill. 2d at 546-47. Applying that holding, this court noted its agreement with the appellate court's decision in the first appeal in *Henry* that the trial court correctly denied the motion for leave to bring a contribution claim filed by the hospital and doctor. *Henry*, 138 Ill. 2d at 547. The trial court had determined the motion came at such a late stage of the trial that to allow it would have prejudiced the other parties. *Henry*, 138 Ill. 2d at 547. The trial court had also noted the counterclaim amounted to the hospital and doctor raising a new issue after all parties had rested their cases. *Henry*, 138 Ill. 2d at 547. Moreover, the appellate court had expressly held the counterclaim was not raised in a timely fashion. *Henry*, 138 Ill. 2d at 547, citing *Henry*, 159 Ill. App. 3d at 734. These factors, this court observed, supported its holding that the hospital and doctor forfeited their contribution rights by failing to preserve them in the original action. *Henry*, 138 Ill. 2d at 547. Thus, at the time the trial court approved the settlement agreement between the plaintiff and the manufacturers, the manufacturers could not possibly have been liable to the hospital and doctor for contribution. *Henry*, 138 Ill. 2d at 548. Because the manufacturers had no contribution liability to be discharged, there was no need to determine whether, under the circumstances, the settlement was in good faith. *Henry*, 138 Ill. 2d at 547-48.

*Henry* undercuts the proposition that the mere request for leave to file a contribution claim constitutes the assertion of a contribution claim for purposes of section 5. In *Henry*, this court concluded that the nonsettling defendants forfeited their contribution rights in holding that there was no need to decide whether the agreement between the settling defendants and the plaintiff was in good faith. See *Henry*, 138 Ill. 2d at 547-48. The nonsettling defendants had requested leave to file their counterclaim. *Henry*, 138 Ill. 2d at 547. Nonetheless, this court accepted the appellate court's decision to

affirm the trial court's denial of leave to file the counterclaim, citing with approval the appellate court's holding that the nonsettling defendants failed to raise the counterclaim in a timely fashion. *Henry*, 138 Ill. 2d at 547.

IV

The remainder of plaintiffs' arguments, which they phrase in terms of judicial economy and fundamental fairness, amount to the claim that, under the particular circumstances of this case, this court should interpret section 5 to allow plaintiffs to proceed with their contribution claim in a separate action. The circumstances that plaintiffs emphasize include the alleged late discovery of their contribution claim, their immediate attempt to obtain leave to file that claim, and the magistrate's concern with avoiding undue prejudice to the plaintiffs who filed the original action. Plaintiffs characterize their situation as a "Catch-22" in which each of the two forums available for bringing a contribution claim has pointed a finger toward the other. We believe plaintiffs overstate their case.

This court will not read exceptions, conditions, or limitations into a statute which the legislature did not express if the statutory language is clear and unambiguous. *Village of Chatham v. County of Sangamon*, 216 Ill. 2d 402, 429 (2005). However, when interpreting a statute, we must presume the legislature did not intend to produce an absurd or unjust result. *Andrews v. Kowa Printing Corp.*, 217 Ill. 2d 101, 107 (2005). We are not unmindful of the possibility that a court of another jurisdiction might deny an Illinois defendant leave to file a contribution claim in a pending action, despite the requirement of section 5, in an instance where an Illinois court would be more sensitive to the effect of the statute's application. However, we are unconvinced that, in enacting section 5, the legislature intended the actions taken by plaintiffs in this case to constitute the assertion of a contribution claim by third-party complaint in the pending lawsuit.

There is no way for us to verify from the record whether plaintiffs did, in fact, fail to discover the basis for their contribution claim until after deposing Dr. Skaletsky. Defendant calls into question the genuineness and reasonableness of the alleged late discovery of the claim in his response brief. Yet, even assuming, *arguendo*, that plaintiffs did not discover the basis for their contribution claim until the deposition, and that this late discovery occurred through no fault

of their own, our analysis in this case remains the same.

We find it significant that plaintiffs sought no review of the magistrate's denial of their motion to file a third-party complaint. Plaintiffs did not ask the magistrate to reconsider his decision. In addition, they did not seek to have the decision reviewed by a federal district judge (see 28 U.S.C. §636(b)(1)(A) (2000)), or attempt to file an interlocutory appeal (see 28 U.S.C. §1292(b) (2000)), or appeal from the final judgment entered against them (see 28 U.S.C. §1291 (2000)). Plaintiffs' failure to pursue review of the magistrate's decision is particularly detrimental to their case in light of the magistrate's obvious misstatement of Illinois contribution law. The magistrate cited *Credit General Insurance, Co. v. Midwest Indemnity Corp.*, 916 F. Supp. 766, 774 (N.D. Ill. 1996), for the propositions that *Laue* was abrogated by statute in 1995 with the amendment of the Contribution Act and that, under current Illinois law, a contribution claim may be brought in a separate action even if not filed while the underlying litigation is still pending. *Credit General*, however, relied on the version of section 5 declared unconstitutional by this court in *Best v. Taylor Machine Works*. Compare *Credit General*, 916 F. Supp. at 774, with *Best*, 179 Ill. 2d at 467, and 740 ILCS Ann. 100/5, Validity, at 426 (Smith-Hurd 2000) ("Public Act 89–7, which amended this section, has been held unconstitutional in its entirety by the Illinois Supreme Court in the case of *Best v. Taylor Machine Works*"). It is true that the magistrate's denial of plaintiffs' motion relied primarily on his concern with unfairly prejudicing the Petersons by delaying their trial, and that there is no guarantee the magistrate would have altered his decision if he had realized it would preclude plaintiffs from raising their contribution claim. Nonetheless, because plaintiffs failed to seek review of the magistrate's decision, we cannot fairly say that this case is one in which a court of another jurisdiction denied an Illinois defendant the opportunity to file a contribution claim in spite of the knowledge that doing so would bar the defendant from asserting the claim.

We further observe that if the action filed against plaintiffs in Indiana had been filed against them in one of this state's circuit courts, and the circuit court had denied plaintiffs leave to file their contribution claim, it would have been incumbent upon them to appeal the circuit court's decision in order to preserve their claim. See, *e.g.*, *Henry*, 138 Ill. 2d at 547, citing *Henry*, 159 Ill. App. 3d at

734. They would not simply have been permitted to proceed with the claim in a separate action. In Illinois, section 2–406 of the Code of Civil Procedure (735 ILCS 5/2–406 (West 2000)) sets forth the requirements governing third-party complaints. Under section 2–406, a defendant must file a third-party complaint "[w]ithin the time for filing his or her answer or thereafter by leave of court." 735 ILCS 5/2–406(b) (West 2000). Thus, if a defendant fails to file a third-party complaint with his or her answer, the defendant must obtain permission to do so. Granting leave falls within the circuit court's discretion, and the appropriate avenue for challenging denial is to file an appeal, not to proceed with a separate action. See, *e.g.*, *Winter v. Henry Service Co.*, 143 Ill. 2d 289, 293-94 (1991). This reference to our own court system brings an important fact into distinction. While plaintiffs now ask us to interpret section 5 to accommodate the pursuit of their contribution claim in a separate proceeding, their actions in federal court fell short of what clearly would have been required of them to preserve their contribution claim in the courts of this state.

As this court noted in *Henry*, "[t]he doctrine of contribution among joint tortfeasors is equitable in origin [citations], and 'equity aids the vigilant and not those who sleep on their rights' [citation]." *Henry*, 138 Ill. 2d at 548. We cannot ignore the applicability of this principle to the case at bar. Plaintiffs could have sought review of the magistrate's decision but declined to do so. Instead, they simply proceeded with a separate contribution action. We are unwilling to conclude, under the facts of this case, that plaintiffs should be allowed to proceed with that action.

## CONCLUSION

We hold plaintiffs' contribution claim was not "asserted *** by third-party complaint in a pending action" for purposes of section 5 of the Contribution Act. Accordingly, we affirm the judgment of the appellate court, which answered the certified question in the negative and remanded the cause to the circuit court for further proceedings.

*Affirmed.*

JUSTICE KARMEIER, dissenting:

˘17˘

The genesis of this dispute was an action by LaVerne and Mary Peterson to recover damages for personal injuries they sustained when a truck operated by defendants/third-party plaintiffs (Clinton Harshman *et al*.) collided with their automobile in the State of Indiana. As the majority correctly recounts, the Petersons' lawsuit was originally filed in an Indiana state court. Defendants/third-party plaintiffs subsequently succeeded in removing the litigation to the United States District Court for the Northern District of Indiana, where it was docketed as Peterson v. Harshman, No. 2:99 cv 516 (N.D. Ind.). Defendants/third-party plaintiffs then moved for leave to bring a third-party action for contribution against Dr. George DePhillips, a surgeon who had treated Mr. Peterson in Illinois after the accident. According to the defendants/third-party plaintiffs, they had not joined DePhillips earlier because his potential liability had not been known to them until, in preparation for the upcoming trial, they were able to depose a neurosurgeon named Skaletsky who had examined Mr. Peterson at the behest of Peterson's workers compensation insurance carrier.

The federal magistrate presiding over the personal injury case exercised his discretion under Rule 14 of the Federal Rules of Civil Procedure and refused to allow defendants/third-party plaintiffs to pursue their third-party claim in the federal action. The federal judge's decision was unrelated to the merits of the claim. Rather, it was based on his assessment of various factors, including prejudice and delay that the Petersons would inevitably experience if discovery, *etc.*, were reopened to accommodate the third-party action and his belief that under the substantive law of Indiana, which governed the Petersons' personal injury claim, the defendants/third-party plaintiffs could not assert a physician's negligence either by way of contribution or as a nonparty defense. Peterson v. Harshman, No. 2:99 cv 516, slip op. at 4 (N.D. Ind. March 22, 2001).

In an effort to avoid the bar of Indiana law, defendants/third-party plaintiffs argued that because Dr. DePhillips treated Mr. Peterson in our state, the third-party contribution claim should be governed by the law of Illinois. The federal magistrate found it unnecessary to decide this choice of law question, however, because even if Illinois law did apply, he would still not have allowed the third-party claim to proceed in his court. He explained that permitting the third-party claim to proceed would unduly complicate the Petersons' lawsuit by

injecting medical malpractice issues into a negligence action. If Illinois law applied to the medical malpractice action, the complications would be magnified because, then, one state's law would control the underlying negligence action while a second state's law would govern the third-party action, a difficult matter for a jury to follow. A final consideration in the federal magistrate's decision was his belief that refusing to allow the third-party action to proceed in federal court would not necessarily defeat defendants/third-party plaintiffs' right to seek contribution. In the magistrate's view, the defendants/third-party plaintiffs could still bring a separate action for contribution in Illinois under section 5 of the Contribution Act, as amended in 1995 by Public Act 89–7 (see 740 ILCS 100/5 (West 1996)).

When the defendants/third-party plaintiffs were denied leave to pursue their contribution claim against Dr. DePhillips in federal court, they filed a third-party action for contribution against him in the circuit court of Cook County. Dr. DePhillips moved for dismissal of that third-party action on the grounds that, under Illinois law, one may not pursue a contribution claim in a separate action where, as here, another action regarding the matter has previously been filed. Rather, the party seeking contribution must do so by means of a third-party claim in the pending action.

The circuit court denied DePhillips' motion, but made a finding under Rule 308 (155 Ill. 2d R. 308) that its order involved a question of law as to which there is substantial ground for difference of opinion and that immediate appeal might materially advance the ultimate termination of the appeal. The precise question certified was this: "May a contribution claim be brought in accordance with Illinois law in a separate proceeding if the party first attempted to bring the claim in the original proceedings in a separate jurisdiction and was denied leave by that court to file said contribution claim?"

The appellate court allowed the interlocutory appeal and answered this question in the negative. In its view, precedent from our court precluded the "pursuit of contribution claims in separate actions where another action regarding the matter has been previously filed." 354 Ill. App. 3d 429, 431. Although my colleagues have affirmed the appellate court's judgment, I do not believe their decision is correct. In my view, Illinois law does not invariably bar

˘19˘

third-party actions from being litigated in separate proceedings and should not bar the third-party action filed by defendants/third-party plaintiffs in Cook County in this case. I would therefore reverse the judgment of the appellate court and affirm the order of the circuit court denying DePhillips' motion to dismiss.

Defendants/third-party plaintiffs' action against DePhillips is founded on the Joint Tortfeasor Contribution Act (740 ILCS 100/0.01 *et seq*. (West 2004)), popularly known as the Contribution Act. The purpose of that statute is twofold: (1) to equitably distribute among all joint tortfeasors the burden of compensating an injured plaintiff, and (2) to encourage settlement of claims. *In re Guardianship of Babb*, 162 Ill. 2d 153, 175-76 (1994).

Enforcement of contribution claims is dictated by section 5 of the Contribution Act. The version of that provision applicable to this case provides that

> "[a] cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending action." 740 ILCS 100/5 (West 1994).

Under a straightforward reading of this statute, one joint tortfeasor may seek contribution from another in one of two ways. He may either (1) bring a separate action against the joint tortfeasor or (2) advance a claim against the joint tortfeasor within the confines of a pending proceeding. If the other joint tortfeasor is already a party to the proceedings, the claim may be asserted by means of a counterclaim. If the other joint tortfeasor is not already a party, he or she may be brought in by means of a third-party action.

In *Laue v. Leifheit*, 105 Ill. 2d 191 (1984), our court held that the first of these two options is available only where the injured party has not already filed suit to recover damages for his or her injuries. Where such an action has been filed, the joint tortfeasor must seek contribution within the confines of that proceeding. If a defendant waits to file a claim for contribution until a verdict has been rendered and a judgment entered against him in the underlying personal injury action, his contribution claim will be barred. *Laue v. Leifheit*, 105 Ill. 2d at 196-97. Interpreting the statute in this way, the court believed, would advance strong public policy interests in having "[o]ne jury *** decide both the liability to the plaintiff and the percentages of

liability among the defendants, so as to avoid a multiplicity of lawsuits in an already crowded court system and the possibility of inconsistent verdicts." *Laue v. Leifheit*, 105 Ill. 2d at 196-97. The court further opined that "[r]equiring the parties to litigate the matter in one suit [would] also save court time and attorney fees." *Laue v. Leifheit*, 105 Ill. 2d at 197.

The public policy considerations invoked by this court in *Laue v. Leifheit* are unquestionably sound. The statutory construction it employs is open to question. As I have just indicated, the decision interprets the law to mean that the "separate action" option may be employed only where the injured party has not already filed an action. If there is no underlying action on file, however, it is difficult to see how the contribution claim can be considered a "separate action." In that instance, the contribution claim is not a separate action. It is the only action.

The weaknesses in *Laue v. Leifheit*'s statutory analysis were recognized by then Chief Justice Ryan, who wrote in dissent that the statute plainly permits alternative methods for asserting contribution claims. He could find "no expression of legislative intent that the cause of action created for contribution *must* be asserted by way of a cross-complaint or a third-party complaint if the injured party sues one of the tortfeasors." (Emphasis in original.) *Laue v. Leifheit*, 105 Ill. 2d at 198 (Ryan, C.J., dissenting). He believed that if the legislature had intended to require contribution actions to be filed in the underlying case, it could easily have done so. It did not. "Instead," he wrote, it "provided that a cause of action *may* be asserted in all of the *** ways set out in the statute, including 'by a separate action.' " (Emphasis in original.) *Laue v. Leifheit*, 105 Ill. 2d at 201 (Ryan, C.J., dissenting).

In an effort to correct *Laue v. Leifheit*'s problematic construction of section 5, the legislature amended the law in 1995. That amendment revised the language of the statute by adding a new clause at the beginning of the provision which expressly stated that except for actions for healing art malpractice, "a cause of action for contribution among joint tortfeasors is *not required* to be asserted during the pendency of litigation brought by a claimant." (Emphasis added.) 740 ILCS 100/5 (West 1996).

When the federal magistrate in this case concluded that

defendants/third-party plaintiffs would not be prejudiced by failure to obtain leave to file their contribution claim in the pending federal proceedings because Illinois law offered them the opportunity to pursue a separate action in our courts, this is the version of the law he was following. What the magistrate did not realize is that because the amendment was part of Public Act 89–7, it was rendered invalid by this court's decision in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997), which declared Public Act 89–7 void and unenforceable in its entirety.[2]

A fundamental rule of statutory construction is that where the language of a statute is clear and unambiguous, the court must enforce it as written. It may not annex new provisions or substitute different ones, or read into the statute exceptions, limitations, or conditions which the legislature did not express. *People ex rel. Department of Professional Regulation v. Manos*, 202 Ill. 2d 563, 568 (2002). That is so no matter how desirable the new provisions might be. *Bridgestone/Firestone v. Aldridge*, 179 Ill. 2d 141, 154-55 (1997). In my view, a compelling argument can be made that *Laue v. Leifheit*, 105 Ill. 2d 191 (1984), and *Tisoncik v. Szczepankiewcz*, 113 Ill. App. 3d 240 (1983), the appellate court decision on which the interpretation followed in *Laue v. Leifheit* was derived, are in direct conflict with these principles. There is no basis in the plain language

---

[2]The suggestion has been made that even if the amended version of the statute were valid, the federal magistrate's reading of Illinois law would still have been incorrect. The basis for this assertion is the amendment's qualifying language precluding its application to medical malpractice cases. As the federal magistrate correctly realized, however, the case before him was not a medical malpractice action. It was a negligence claim involving a collision between a truck and a car. The exception was therefore inapplicable.

of the statute for the limitation they impose. While they purport to rely on the terms used in the statute, their construction of the law is ultimately derived from policy considerations, not vocabulary or syntax.

In construing a similar provision, the courts of New York had little difficulty in recognizing that it meant what it said and allowed contribution claims to be filed either in a separate proceeding or in the pending action. The court in *Tisoncik v. Szczepankiewicz*, 113 Ill. App. 3d 240, 246 (1983), acknowledged that interpretation of the law but declined to follow it, emphasizing the policy considerations which militate against allowing contribution claims to be litigated separately, *e.g.*, the added burdens on the courts and the possibility of inconsistent verdicts. That, of course, is not a legitimate method of statutory construction. If a statute is clear and unambiguous, the courts must apply it as written. We cannot rewrite a law under the guise of statutory construction merely because it may have consequences of which we disapprove. Weighing the relevant policy considerations is a matter for the legislature, not us.

The legislature has not reenacted the 1995 amendment to section 5 of the Contribution Act necessitated by our decision in *Laue v. Leifheit*, but invalidated by *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997). Significantly, however, it has not made any other amendments to that section either. Had the General Assembly made subsequent revisions to the law in a way that did not challenge the interpretation we adopted in *Laue v. Leifheit*, one could presume that the legislature had acquiesced in our construction of the law. See, *e.g.*, *In re Michele J.*, 209 Ill. 2d 428, 437 (2004). Absent any revisions, such a presumption would be unfounded.

During the court's deliberations in this case, the point was made that *Laue v. Leifheit* has been settled law in Illinois for 21 years and that we should therefore be reluctant to overrule it. I certainly agree that *stare decisis* is an essential doctrine. It is not, however, an inexorable command. *Chicago Bar Ass'n v. Illinois State Board of Elections*, 161 Ill. 2d 502, 510 (1994). It may yield when countervailing considerations so demand. See, *e.g.*, *People v. Sharpe*, 216 Ill. 2d 481, 520 (2005). Such considerations are present here.

First, as my discussion of the law has indicated, *Laue v. Leifheit* has not really been settled law for 21 years. The one time the

legislature addressed section 5 of the Contribution Act following *Laue v. Leifheit,* it enacted a revision that rejected the limiting construction of the statute we adopted in that case. It was only because of this court's decision in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997), to nullify Public Act 89–7 in its entirety that the revised version of section 5 is not in force today.

Second, this matter does not present a situation where revision of the law will upset settled expectations or vested rights. The legal principle involved is procedural in nature. It does nothing but delineate how contribution claims may be enforced. Cases which are closed will be unaffected. If we begin applying the statute as it is actually written rather than as we construed it in *Laue v. Leifheit*, the only cases to which our decision would have any potential effect are existing disputes in which contribution claims remain unresolved or future cases which have yet to accrue.

Third, the decision is poorly reasoned. As already noted, the decision purports to apply the plain language of the statute, but imposes conditions and limitations on the law which the language employed by the General Assembly will not support. In so doing, the court exceeded it legitimate function. The often repeated lesson from *Henrich v. Libertyville High School*, 186 Ill. 2d 381, 394-95 (1998), is pertinent here:

> "It is the province of the legislature to enact laws; it is the province of the courts to construe them. Courts have no legislative powers; courts may not enact or amend statutes. A court cannot restrict or enlarge the meaning of an unambiguous statute. The responsibility for the justice or wisdom of legislation rests upon the legislature. [Citations.] A court must interpret and apply statutes in the manner in which they are written. A court must not rewrite statutes to make them consistent with the court's idea of orderliness and public policy. [Citation.]"

This impediment cannot be avoided by arguing that the court is merely giving effect to a limitation created by the legislature itself. If such a limitation could somehow be divined from the text of the statute, a possibility incompatible with my understanding of the English language, a different but equally serious constitutional problem would be created. Under the interpretation of section 5

˘24˘

adopted in *Laue v. Leifheit*, the legislature has decreed that "if there is a pending action, *** then the party seeking contribution must assert a claim [under the Contribution Act] by counterclaim or by third-party claim in that action." *Laue v. Leifheit*, 105 Ill. 2d at 196. If that interpretation were valid, it would mean that the legislature had totally divested the courts of any authority to permit contribution claims to be enforced through separate proceedings, even where considerations of efficiency and docket management would militate in favor of litigating the cases separately. Such matters of procedure and docket management are central to power of the judiciary. While the legislature may enact laws that complement the authority of the courts or that have only a peripheral effect on judicial administration, a legislative enactment which unduly encroaches upon the inherent powers of the judiciary violates the doctrine of separation of powers encompassed in section 1 of article II of the Illinois Constitution of 1970 (Ill. Const. 1970, art. II, §1). *Kunkel v. Walton*, 179 Ill. 2d 519, 528 (1997). The restrictions imposed here trench no less heavily on the inherent authority of the judiciary than the statutory restrictions on damages at issue in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997). If the limitations on damages could not pass constitutional muster, it is difficult for me to see how the procedural restrictions here could be upheld.

These separation of powers problems disappear if section 5 is simply interpreted as it is written. Under the actual terms of the statute, alternate avenues are provided for enforcing contribution claims. There is no restriction on the court's authority to allow contribution claims to be litigated separately from the underlying action where appropriate. The inherent authority of the judiciary is unchallenged. Because courts have a duty to construe statutes in a manner that upholds their validity whenever it is reasonably possible to do so (*In re Robert S.*, 213 Ill. 2d 30, 45 (2004)), that is the approach we should take.

In reaching this conclusion, I am mindful that the defendants/third-party plaintiffs have not, themselves, urged us to reject *Laue v. Leifheit*, as the General Assembly attempted to do when it revised section 5 of the Contribution Act through Public Act 89–7. Absent such a challenge, we could deem the matter waived. Waiver, however, is an admonition to the parties, not a limitation on the jurisdiction of this court. In furtherance of its responsibility to

provide a just result and maintain a sound body of precedent, a court of review may override considerations of waiver. *Illinois State Chamber of Commerce v. Filan*, 216 Ill. 2d 653, 664 (2005). I would decline to find waiver in this case and vote to overrule *Laue v. Leifheit*.

Even if I believed that *Laue v. Leifheit* should be retained, I do not believe that it compels the result reached by the majority in this case. *Laue v. Leifheit* is distinguishable on its facts. In that case, which involved liability for injuries sustained in an automobile collision, the jury found the driver of one vehicle liable and awarded damages to the driver and passengers in the second vehicle. In so doing, it reduced the damages awarded to the driver of the second vehicle by 33⅓% based on its assessment of her comparative negligence. *Laue v. Leifheit*, 105 Ill. 2d at 193-94.

After the jury returned its verdict and judgment was entered against the defendant, the driver of the first vehicle filed a contribution claim against the driver of the second vehicle. The circuit court granted judgment on the pleadings in favor of the driver of the first vehicle and ordered the driver of the second vehicle to make contribution to him for a portion of the damages for which he had been found liable.

The appellate court reversed. We affirmed the judgment of the appellate court and remanded to the circuit court with directions to dismiss the complaint for contribution. *Laue v. Leifheit*, 105 Ill. 2d at 194-98.

A contrary result is mandated in the case before us, for the situation here is fundamentally different. The alleged negligence on which defendants/third-party plaintiffs' contribution claim was predicated was separate and distinct from the underlying claim filed by the Petersons. It occurred after the collision for which defendants/third party plaintiffs were found liable; involved a new and unrelated party; and was based on a totally different legal theory, medical malpractice. Unlike *Laue v. Leifheit*, the defendants/third-party plaintiffs did not wait to see how the underlying claim against them would be resolved before taking action. They asserted their contribution claim as soon as they became aware of it. In contrast to *Laue v. Leifheit*, the matter had not yet gone to verdict and judgment had not yet been entered. When defendants/third-party plaintiffs

sought leave to file their contribution claim here, the underlying negligence action remained unresolved.

Under these circumstances, none of the public policy considerations that motivated our decision in *Laue v. Leifheit* are present. The purpose of the rule we articulated in that case was not to impede contribution claims, but to insure that they are litigated efficiently, expeditiously and with due consideration to fairness of all the parties. By first seeking permission to file the claim in the pending negligence claim, defendants/third-party plaintiffs insured that those considerations could be properly assessed by the court. A federal magistrate balanced the relevant factors and concluded that the just course would be to require defendants/third-party plaintiffs to pursue their contribution claim separately rather than in connection with the underlying vehicle collision case.

It is difficult to find fault with the magistrate's assessment. Had the matters been litigated together, the trial of the underlying claim would have been complicated and delayed with little benefit in terms of efficiency. Because the issues in the contribution claim differed so substantially from those in the underlying action, trying the matters separately would not involve significant duplication of effort. Litigating the medical malpractice case separately in Illinois, where the alleged malpractice took place, would eliminate the choice of law problems. There would be no possibility of inconsistent verdicts, for there is no question as to plaintiffs' comparative fault and the extent of plaintiffs' injuries would not be revisited. The only issue would be how responsibility for the damages should be apportioned. There would be no undue burden on the litigants, for the only parties who would be required to appear in both proceedings are defendants/third-party plaintiffs, who obviously have no objection to pursing their contribution claim separately. There would be no undue burden on the courts of Illinois, for the contribution claim is the only aspect of the dispute they would be called upon to resolve, and Illinois clearly has an interest in hearing claims arising from negligence that occurs in our state, as Dr. DePhillips' alleged malpractice did.

As observed earlier in this dissent, when the federal magistrate declined to permit defendants/third-party plaintiffs from pursuing their contribution claim in the pending federal action, he believed, erroneously, that section 5 of the Contribution Act, as amended by

Public Act 89-7, superceded *Laue v. Leifheit* and afforded them the opportunity to advance that claim in the courts of Illinois. The majority's opinion finds it significant that defendants/third-party plaintiffs did not challenge the magistrate's decision, particularly given "the magistrate's obvious misstatement of Illinois contribution law." Slip op. at 16. I disagree. Although reconsideration or appellate review may well have led to the realization that the magistrate was wrong about *Laue v. Leifheit* being superceded by statute, that does not mean that his decision would have been set aside. The federal magistrate weighed numerous factors besides the viability of *Laue*. His decision involved a matter of discretion, and I think it very unlikely that a reviewing court would have found an abuse of discretion here. As I have just discussed, there were excellent reasons for the third-party action to be handled separately wholly independent of Illinois law. Defendants/third-party plaintiffs' would therefore have accomplished nothing by seeking reconsideration or review from the federal courts. Pursuing that recourse would merely have delayed resolution of the case further.

The majority's opinion hints that it may ultimately have reached a different result had defendants/third-party plaintiffs attempted to obtain relief from the federal courts through reconsideration or review, but been unsuccessful in doing so. Under the majority's own analysis, however, it is difficult to see how that could be true. If section 5 of the Contribution Act does preclude contribution actions from being litigated separately from the underlying negligence claims, as the majority holds, we would be compelled to apply it as written, no matter how unjust the federal court's misconstruction of the law might be. No principle of statutory construction permits us to invoke equitable principles to create exceptions to a statute not expressed by the legislature.

The majority suggests that under Illinois law, a party who has been denied leave to file a third-party action in a pending matter would be required to appeal that denial before attempting to assert his third-party claim in a separate proceeding. None of the authorities cited in the opinion, including *Henry v. St. John's Hospital*, 138 Ill. 2d 533 (1990), so holds. Section 2-406 of the Code of Civil Procedure (735 ILCS 5/2-406 (West 2004)), on which the majority also relies, is not germane to the question. It sets forth rules governing bringing new parties into actions that are already pending.

It does not pertain to third-party claims asserted in separate proceedings.

From the record now before us, there is no basis for holding that defendants/third-party plaintiffs were in any way remiss in protecting their position. They attempted to bring their third-party claim in federal court as soon as they learned, through discovery, that grounds for such a claim existed. When the federal magistrate denied them leave to proceed there, defendants/third-party plaintiffs moved seasonably to preserve their claim by bringing suit in Cook County. Under these circumstances, one cannot fairly charge that they slept on their rights.

For the foregoing reasons, I believe that the question certified by the circuit court should be answered in the affirmative. Under circumstances such as those present in this case, Illinois law does permit a contribution claim to be brought in a separate proceeding if the party first attempted to bring the claim in the original proceedings in another jurisdiction and was denied leave by that court to do so. *Laue v. Leifheit* is of dubious validity and should be overruled. Even if we retain that decision, however, this case is distinguishable. Allowing the case to proceed separately in Cook County does no violence to *Laue v. Leifheit* and is consistent with the principles of fairness and sound judicial administration it represents. Accordingly, I dissent. The judgment of the appellate court should be reversed, the order of the circuit court denying DePhillips' motion to dismiss should be affirmed, and this cause should be remanded to the circuit court for further proceedings.